**FILED**



JUN 1 6 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO. W-99-CR-070 |
| | § | |
| CHRISTOPHER ANDRE VIALVA, (1) | § | |

## SPECIAL FINDINGS FORM

### COUNT ONE

## I. PART ONE -- THE ELEMENT OF INTENT

**Instructions**: For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of the listed element of intent in the death of Todd A. Bagley **beyond a reasonable doubt**; answer "NO" if you do not so find:

I(A) The defendant, Christopher Andre Vialva, intentionally killed the victim, Todd A. Bagley

    Unanimously    YES  ___X___

                   NO   _____

I(B) The defendant, Christopher Andre Vialva, intentionally inflicted serious bodily injury that resulted in the death of the victim, Todd A. Bagley

    Unanimously    YES  ___X___

                   NO   _____

I(C) The defendant, Christopher Andre Vialva, intentionally participated in an act, contemplating that the life of the victim, Todd A. Bagley would be taken or intending that lethal force would be used in connection with a person other than one of the participants in the offense, and the victim, Todd A. Bagley, died as a result of the act;

    Unanimously    YES  ___X___

                   NO   _____

286

794
877
975

I(D) The defendant, Christopher Andre Vialva, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to someone other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and the victim, Todd A. Bagley, died as a result of the act.

Unanimously    YES    _____X_____

NO    _____

**Instructions**:  If you answered "NO" with respect to **all** of the elements of intent listed in Part One, above, then stop your deliberations, fill out Decision Form A, and advise the Court that you have reached a decision.

If you answered "YES" with respect to **one or more** of the elements of intent listed in Part One, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Two.

## II.  PART TWO - STATUTORY AGGRAVATING FACTORS

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:

II(A).  The defendant, Christopher Andre Vialva, committed the offense in an especially heinous, cruel or depraved manner in that it involved torture or serious physical abuse to the victim Todd A. Bagley.

Unanimously    YES ____X_____

NO _____

II(B).  The defendant, Christopher Andre Vialva, committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Unanimously    YES ____X_____

NO _____

II(C).  The defendant, Christopher Andre Vialva, committed the offense after substantial planning and premeditation to cause the death of Todd A. Bagley.

Unanimously    YES ____X_____

NO _____

II(D).  The defendant, Christopher Andre Vialva, intentionally killed or attempted to kill Todd A. Bagley and Stacie L. Bagley in a single criminal episode.

Unanimously    YES    _____X_____

                NO    _____


**Instructions**:  If you answered "NO" with respect to **all** of the statutory aggravating factors in Part Two, above, then stop your deliberations, fill out Decision Form B, and advise the Court that you have reached a decision.

If you answered "YES" with respect to **at least one** of the statutory aggravating factors in Part Two, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Three.

### III.  PART THREE - NON-STATUTORY AGGRAVATING FACTORS

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that non-statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:

III(A).  The defendant, Christopher Andre Vialva, is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others.

Unanimously     YES _____

NO _____

III(B).  The defendant, Christopher Andre Vialva, has caused injury, harm and loss to the family of the victim, Todd A. Bagley, because of the victim's personal characteristics as an individual human being and the impact of the death upon the victim's family.

Unanimously     YES _____

NO _____

III(C).   The defendant, Christopher Andre Vialva, committed the offense for the purpose of preventing the victim, Todd A. Bagley, from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of the defendants.

Unanimously     YES _____

NO _____

**<u>Instructions</u>**:  Regardless of whether you answered "YES" or "NO" with respect to the Non-Statutory Aggravating Factors in Part Three, above, continue your deliberations in accordance with the Court's instructions and proceed to Part Four.

801
822
???

## IV.   PART FOUR - MITIGATING FACTORS

**Instructions**:  For each of the following mitigating factors, indicate the number of jurors who find the existence of each particular mitigating factor by a preponderance of the evidence; if none of the jurors find by a preponderance of the evidence that a particular mitigating factor exists, write the number "0" in the blank provided:

IV(A).   Christopher Vialva was subjected to emotional and physical abuse as a child, and was deprived of parental guidance and protection.

Number of jurors who so find, if any     \10

IV(B).   Christopher Vialva has responded well to structured environments in the past.

Number of jurors who so find, if any     0

IV(C).   Christopher Vialva was nineteen at the time of the offense.

Number of jurors who so find, if any     0

IV(D).   Another defendant or defendants who may be equally culpable in the crime will not be punished by death.

Number of jurors who so find, if any     0

IV(E).     Any other factors in Christopher Vialva's background, record, or character or any other circumstance of the offense that may mitigate against the imposition of the death sentence. List such factors, if any, in the spaces below.

1.     _____

Number of jurors who so find, if any     _____


2.     _____

Number of jurors who so find, if any     _____


3.     _____

Number of jurors who so find, if any     _____


4.     _____

Number of jurors who so find, if any     _____


Proceed to the next page for further instructions.

803
824

**Instructions:**  Continue your deliberations in accordance with the Court's instructions and then complete either Decision Form C recommending a sentence of death, or Decision Form D recommending a sentence of life imprisonment without the possibility of release.

**DECISION FORM A**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the elements of intent.

_____
FOREPERSON


Date: _____, 2000



**<u>DECISION FORM B</u>**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the aggravating factors.

_____
FOREPERSON

Date: _____, 2000



**DECISION FORM C**

Based upon consideration of whether all the aggravating factor
or factors found to exist sufficiently outweigh all the mitigating
factor or factors found to exist to justify a sentence of death,
or, in the absence of a mitigating factor, whether the aggravating
factor or factors alone are sufficient to justify a sentence of
death, we, the jury, recommend, by unanimous vote, that the
defendant should be sentenced to death.

_Calvin Krugh_
FOREPERSON

Date: _____6 · 12 –_____, 2000



**DECISION FORM D**

We, the jury, recommend, by unanimous verdict, a sentence of life imprisonment without possibility of release.

_____
FOREPERSON


Date: _____, 2000

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA           §
                                   §
VS.                                §        CAUSE NO. W-99-CR-070
                                   §
CHRISTOPHER ANDRE VIALVA, (1)      §

## SPECIAL FINDINGS FORM

## COUNT THREE

## I. PART ONE -- THE ELEMENT OF INTENT

**Instructions**: For each of the following, answer "YES" if you,

the jury, unanimously find that the government has established the

existence of the listed element of intent in the death of Todd A.

Bagley **beyond a reasonable doubt**; answer "NO" if you do not so

find:

> I(A) The defendant, Christopher Andre Vialva, intentionally
> killed the victim, Todd A. Bagley
>
>           Unanimously      YES   __X_____
>
>                            NO    _____

> I(B) The defendant, Christopher Andre Vialva, intentionally
> inflicted serious bodily injury that resulted in the
> death of the victim, Todd A. Bagley
>
>           Unanimously      YES   __X_____
>
>                            NO    _____

> I(C) The defendant, Christopher Andre Vialva, intentionally
> participated in an act, contemplating that the life of
> the victim, Todd A. Bagley would be taken or intending
> that lethal force would be used in connection with  a
> person other than one of the participants in the offense,
> and the victim, Todd A. Bagley, died as a result of the
> act;
>
>           Unanimously      YES   __X_____
>
>                            NO    _____

I(D) The defendant, Christopher Andre Vialva, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to someone other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and the victim, Todd A. Bagley, died as a result of the act.

Unanimously    YES    _____X_____

NO    _____

**Instructions**:  If you answered "NO" with respect to __all__ of the elements of intent listed in Part One, above, then stop your deliberations, fill out Decision Form A, and advise the Court that you have reached a decision.

If you answered "YES" with respect to __one or more__ of the elements of intent listed in Part One, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Two.

810
831

## II.   PART TWO - STATUTORY AGGRAVATING FACTORS

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:


II(A).  The defendant, Christopher Andre Vialva, committed the offense in an especially heinous, cruel or depraved manner in that it involved torture or serious physical abuse to the victim Todd A. Bagley.

Unanimously    YES  ____X____

NO  _____


II(B).  The defendant, Christopher Andre Vialva, committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Unanimously    YES  ____X____

NO  _____


II(C).  The defendant, Christopher Andre Vialva, committed the offense after substantial planning and premeditation to cause the death of Todd A. Bagley.

Unanimously    YES  ____X____

NO  _____

811
832
9003

II(D).  The defendant, Christopher Andre Vialva, intentionally killed or attempted to kill Todd A. Bagley and Stacie L. Bagley in a single criminal episode.

Unanimously   YES   _____✗_____

NO   _____

**Instructions**:  If you answered "NO" with respect to **all** of the statutory aggravating factors in Part Two, above, then stop your deliberations, fill out Decision Form B, and advise the Court that you have reached a decision.

If you answered "YES" with respect to **at least one** of the statutory aggravating factors in Part Two, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Three.

8\2
8-3-3
1804

## III.  PART THREE - NON-STATUTORY AGGRAVATING FACTORS

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that non-statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:

III(A).  The defendant, Christopher Andre Vialva, is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others.

<div align="center">

Unanimously      YES  ___✗___

NO  _____
</div>

III(B).  The defendant, Christopher Andre Vialva, has caused injury, harm and loss to the family of the victim, Todd A. Bagley, because of the victim's personal characteristics as an individual human being and the impact of the death upon the victim's family.

<div align="center">

Unanimously      YES  ___✗___

NO  _____
</div>

III(C).  The defendant, Christopher Andre Vialva, committed the offense for the purpose of preventing the victim, Todd A. Bagley, from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of the defendants.

<div align="center">

Unanimously      YES  ___✗___

NO  _____
</div>

813
834
f8057

**Instructions**:   Regardless of whether you answered "YES" or "NO" with respect to the Non-Statutory Aggravating Factors in Part Three, above, continue your deliberations in accordance with the Court's instructions and proceed to Part Four.

84
835
1006

## IV.  PART FOUR - MITIGATING FACTORS

**Instructions**:  For each of the following mitigating factors, indicate the number of jurors who find the existence of each particular mitigating factor by a preponderance of the evidence; if none of the jurors find by a preponderance of the evidence that a particular mitigating factor exists, write the number "0" in the blank provided:

IV(A).    Christopher Vialva was subjected to emotional and physical abuse as a child, and was deprived of parental guidance and protection.

Number of jurors who so find, if any    ___10___

IV(B).    Christopher Vialva has responded well to structured environments in the past.

Number of jurors who so find, if any    ___0___

IV(C).    Christopher Vialva was nineteen at the time of the offense.

Number of jurors who so find, if any    ___0___

IV(D).    Another defendant or defendants who may be equally culpable in the crime will not be punished by death.

Number of jurors who so find, if any    ___0___

815
836
#009

IV(E).    Any other factors in Christopher Vialva's background, record, or character or any other circumstance of the offense that may mitigate against the imposition of the death sentence. List such factors, if any, in the spaces below.

1.  _____

Number of jurors who so find, if any    _____

2.  _____

Number of jurors who so find, if any    _____

3.  _____

Number of jurors who so find, if any    _____

4.  _____

Number of jurors who so find, if any    _____

Proceed to the next page for further instructions.

**Instructions:**  Continue your deliberations in accordance with the Court's instructions and then complete either Decision Form C recommending a sentence of death, or Decision Form D recommending a sentence of life imprisonment without the possibility of release.

**DECISION FORM A**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the elements of intent.

_____
FOREPERSON

Date: _____, 2000

**DECISION FORM B**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the aggravating factors.

_____

FOREPERSON

Date: _____, 2000



**<u>DECISION FORM C</u>**

Based upon consideration of whether all the aggravating factor
or factors found to exist sufficiently outweigh all the mitigating
factor or factors found to exist to justify a sentence of death,
or, in the absence of a mitigating factor, whether the aggravating
factor or factors alone are sufficient to justify a sentence of
death, we, the jury, recommend, by unanimous vote, that the
defendant should be sentenced to death.

_Calvin Kruger_
FOREPERSON


Date: _____ 6-12-, 2000

**DECISION FORM D**

We, the jury, recommend, by unanimous verdict, a sentence of life imprisonment without possibility of release.

_____
FOREPERSON


Date: _____, 2000

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA     §
                        §
VS.                        §      CAUSE NO. <u>W-99-CR-070</u>
                        §
CHRISTOPHER ANDRE VIALVA, (1)   §

## SPECIAL FINDINGS FORM

### COUNT FOUR

## I. PART ONE -- THE ELEMENT OF INTENT

**Instructions**: For each of the following, answer "YES" if you,

the jury, unanimously find that the government has established the

existence of the listed element of intent in the death of Stacie L.

Bagley **beyond a reasonable doubt**; answer "NO" if you do not so

find:

     I(A) The defendant, Christopher Andre Vialva, intentionally
           killed the victim, Stacie L. Bagley

                Unanimously     YES   __X__

                               NO   _____

     I(B) The defendant, Christopher Andre Vialva, intentionally
           inflicted serious bodily injury that resulted in the
           death of the victim, Stacie L. Bagley

                Unanimously     YES   __X__

                               NO   _____

     I(C) The defendant, Christopher Andre Vialva, intentionally
           participated in an act, contemplating that the life of
           the victim, Stacie L. Bagley would be taken or intending
           that lethal force would be used in connection with  a
           person other than one of the participants in the offense,
           and the victim, Stacie L. Bagley, died as a result of the
           act;

                Unanimously     YES   __X__

                               NO   _____



I(D) The defendant, Christopher Andre Vialva, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to someone other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and the victim, Stacie L. Bagley, died as a result of the act.

Unanimously    YES    _____X_____

NO    _____

**Instructions**:  If you answered "NO" with respect to <u>all</u> of the elements of intent listed in Part One, above, then stop your deliberations, fill out Decision Form A, and advise the Court that you have reached a decision.

If you answered "YES" with respect to <u>one or more</u> of the elements of intent listed in Part One, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Two.

## II.  PART TWO - STATUTORY AGGRAVATING FACTORS

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:

II(A).  The defendant, Christopher Andre Vialva, committed the offense in an especially heinous, cruel or depraved manner in that it involved torture or serious physical abuse to the victim Stacie L. Bagley.

<div align="center">

Unanimously    YES    ___X___

NO    _____

</div>

II(B).  The defendant, Christopher Andre Vialva, committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

<div align="center">

Unanimously    YES    ___X___

NO    _____

</div>

II(C).  The defendant, Christopher Andre Vialva, committed the offense after substantial planning and premeditation to cause the death of Stacie L. Bagley.

<div align="center">

Unanimously    YES    ___X___

NO    _____

</div>

II(D).  The defendant, Christopher Andre Vialva, intentionally killed or attempted to kill Todd A. Bagley and Stacie L. Bagley in a single criminal episode.

Unanimously    YES    _____

NO    _____


**Instructions**:  If you answered "NO" with respect to <u>all</u> of the statutory aggravating factors in Part Two, above, then stop your deliberations, fill out Decision Form B, and advise the Court that you have reached a decision.

If you answered "YES" with respect to <u>at least one</u> of the statutory aggravating factors in Part Two, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Three.

## III.   PART THREE - NON-STATUTORY AGGRAVATING FACTORS

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that non-statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:

III(A).  The defendant, Christopher Andre Vialva, is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others.

Unanimously     YES  _____

NO  _____

III(B).  The defendant, Christopher Andre Vialva, has caused injury, harm and loss to the family of the victim, Stacie L. Bagley, because of the victim's personal characteristics as an individual human being and the impact of the death upon the victim's family.

Unanimously     YES  _____

NO  _____

III(C).   The defendant, Christopher Andre Vialva, committed the offense for the purpose of preventing the victim, Stacie L. Bagley, from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of the defendants.

Unanimously     YES  _____

NO  _____

**<u>Instructions</u>**:   Regardless of whether you answered "YES" or "NO" with respect to the Non-Statutory Aggravating Factors in Part Three, above, continue your deliberations in accordance with the Court's instructions and proceed to Part Four.



## IV.  PART FOUR - MITIGATING FACTORS

**Instructions**:  For each of the following mitigating factors, indicate the number of jurors who find the existence of each particular mitigating factor by a preponderance of the evidence; if none of the jurors find by a preponderance of the evidence that a particular mitigating factor exists, write the number "0" in the blank provided:


IV(A).    Christopher Vialva was subjected to emotional and physical abuse as a child, and was deprived of parental guidance and protection.

Number of jurors who so find, if any    _____10_____


IV(B).    Christopher Vialva has responded well to structured environments in the past.

Number of jurors who so find, if any    _____0_____


IV(C).    Christopher Vialva was nineteen at the time of the offense.

Number of jurors who so find, if any    _____0_____


IV(D).    Another defendant or defendants who may be equally culpable in the crime will not be punished by death.

Number of jurors who so find, if any    _____0_____

IV(E).    Any other factors in Christopher Vialva's background, record, or character or any other circumstance of the offense that may mitigate against the imposition of the death sentence. List such factors, if any, in the spaces below.

1. _____

Number of jurors who so find, if any    _____

2. _____

Number of jurors who so find, if any    _____

3. _____

Number of jurors who so find, if any    _____

4. _____

Number of jurors who so find, if any    _____

Proceed to the next page for further instructions.

**Instructions:**  Continue your deliberations in accordance with the Court's instructions and then complete either Decision Form C recommending a sentence of death, or Decision Form D recommending a sentence of life imprisonment without the possibility of release.

**DECISION FORM A**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the elements of intent.

_____
FOREPERSON


Date: _____, 2000



**DECISION FORM B**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the aggravating factors.

_____
FOREPERSON

Date: _____, 2000

**DECISION FORM C**

Based upon consideration of whether all the aggravating factor
or factors found to exist sufficiently outweigh all the mitigating
factor or factors found to exist to justify a sentence of death,
or, in the absence of a mitigating factor, whether the aggravating
factor or factors alone are sufficient to justify a sentence of
death, we, the jury, recommend, by unanimous vote, that the
defendant should be sentenced to death.

_Calvin Kruger_
FOREPERSON

Date: _____ 6 - 12 - _____ , 2000



**DECISION FORM D**

We, the jury, recommend, by unanimous verdict, a sentence of
life imprisonment without possibility of release.


_____
FOREPERSON


Date: _____, 2000



UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA     §
    §
VS.     §     CAUSE NO. <u>W-99-CR-070</u>
    §
BRANDON BERNARD, (2)     §

**<u>SPECIAL FINDINGS FORM</u>**

**<u>COUNT ONE</u>**

**I. PART ONE -- THE ELEMENT OF INTENT**

**Instructions**: For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of the listed element of intent in the death of Todd A. Bagley **beyond a reasonable doubt**; answer "NO" if you do not so find:

I(A) The defendant, Brandon Bernard, intentionally killed the victim, Todd A. Bagley

             Unanimously     YES   _____

                               NO   ___X_____

I(B) The defendant, Brandon Bernard, intentionally inflicted serious bodily injury that resulted in the death of the victim, Todd A. Bagley

             Unanimously     YES   _____

                               NO   ____X_____

I(C) The defendant, Brandon Bernard, intentionally participated in an act, contemplating that the life of the victim, Todd A. Bagley would be taken or intending that lethal force would be used in connection with a person other than one of the participants in the offense, and the victim, Todd A. Bagley, died as a result of the act;

             Unanimously     YES   ____X_____

                               NO   _____

835
856

I(D) The defendant, Brandon Bernard, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to someone other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and the victim, Todd A. Bagley, died as a result of the act.

Unanimously     YES     $\underline{\hspace{1.5cm}\times\hspace{1.5cm}}$

NO      $\underline{\hspace{3cm}}$

**Instructions**: If you answered "NO" with respect to **all** of the elements of intent listed in Part One, above, then stop your deliberations, fill out Decision Form A, and advise the Court that you have reached a decision.

If you answered "YES" with respect to **one or more** of the elements of intent listed in Part One, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Two.



## II.  **PART TWO - STATUTORY AGGRAVATING FACTORS**

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:

II(A).  The defendant, Brandon Bernard, committed the offense in an especially heinous, cruel or depraved manner in that it involved torture or serious physical abuse to the victim Todd A. Bagley.

Unanimously    YES _____X_____

NO _____

II(B).  The defendant, Brandon Bernard, committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Unanimously    YES _____X_____

NO _____

II(C).  The defendant, Brandon Bernard, committed the offense after substantial planning and premeditation to cause the death of Todd A. Bagley.

Unanimously    YES _____X_____

NO _____

II(D).  The defendant, Brandon Bernard, intentionally killed or attempted to kill Todd A. Bagley and Stacie L. Bagley in a single criminal episode.

Unanimously    YES    _____

NO    _____ X _____

**Instructions**:  If you answered "NO" with respect to **all** of the statutory aggravating factors in Part Two, above, then stop your deliberations, fill out Decision Form B, and advise the Court that you have reached a decision.

If you answered "YES" with respect to **at least one** of the statutory aggravating factors in Part Two, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Three.

838
809

## III.    PART THREE - NON-STATUTORY AGGRAVATING FACTORS

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that non-statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:

III(A).  The defendant, Brandon Bernard, is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others.

<div align="center">

Unanimously    YES    ___X___

NO    _____

</div>

III(B).  The defendant, Brandon Bernard, has caused injury, harm and loss to the family of the victim, Todd A. Bagley, because of the victim's personal characteristics as an individual human being and the impact of the death upon the victim's family.

<div align="center">

Unanimously    YES    ___X___

NO    _____

</div>

III(C).  The defendant, Brandon Bernard, committed the offense for the purpose of preventing the victim, Todd A. Bagley, from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of the defendants.

<div align="center">

Unanimously    YES    ___X___

NO    _____

</div>



**Instructions**:   Regardless of whether you answered "YES" or "NO" with respect to the Non-Statutory Aggravating Factors in Part Three, above, continue your deliberations in accordance with the Court's instructions and proceed to Part Four.

## IV.  PART FOUR - MITIGATING FACTORS

**Instructions**:  For each of the following mitigating factors, indicate the number of jurors who find the existence of each particular mitigating factor by a preponderance of the evidence; if none of the jurors find by a preponderance of the evidence that a particular mitigating factor exists, write the number "0" in the blank provided:

IV(A).  Another defendant or defendants who may be equally culpable in the crime will not be punished by death.

Number of jurors who so find, if any  ____ *0* ____

IV(B).  Brandon Bernard was eighteen at the time of the offense.

Number of jurors who so find, if any  ____ *0* ____

IV(C).  Brandon Bernard has demonstrated remorse regarding the offense.

Number of jurors who so find, if any  ____ *0* ____

IV(D).  Any other factors in Brandon Bernard's background or character that may mitigate against the imposition of the death sentence.

1.  _____

Number of jurors who so find, if any  _____

2.  _____

Number of jurors who so find, if any  _____

3.  _____

Number of jurors who so find, if any  _____

4.    _____

Number of jurors who so find, if any     _____

Proceed to the next page for further instructions.

**Instructions:** Continue your deliberations in accordance with the Court's instructions and then complete either Decision Form C recommending a sentence of death, or Decision Form D recommending a sentence of life imprisonment without the possibility of release.



**DECISION FORM A**


We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the elements of intent.


_____

FOREPERSON


Date: _____, 2000

**DECISION FORM B**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the aggravating factors.

_____

FOREPERSON


Date: _____, 2000

**<u>DECISION FORM C</u>**

Based upon consideration of whether all the aggravating factor
or factors found to exist sufficiently outweigh all the mitigating
factor or factors found to exist to justify a sentence of death,
or, in the absence of a mitigating factor, whether the aggravating
factor or factors alone are sufficient to justify a sentence of
death, we, the jury, recommend, by unanimous vote, that the
defendant should be sentenced to death.


_____
FOREPERSON


Date: _____, 2000

**<u>DECISION FORM D</u>**

We, the jury, recommend, by unanimous verdict, a sentence of life imprisonment without possibility of release.

_____Calvin Kruger_____
FOREPERSON


Date: _____6-12-_____, 2000

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO. <u>W-99-CR-070</u> |
| | § | |
| BRANDON BERNARD, (2) | § | |

## SPECIAL FINDINGS FORM

## COUNT THREE

## I. PART ONE -- THE ELEMENT OF INTENT

**Instructions**: For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of the listed element of intent in the death of Todd A. Bagley **beyond a reasonable doubt**; answer "NO" if you do not so find:

I(A)   The defendant, Brandon Bernard, intentionally killed the victim, Todd A. Bagley

Unanimously        YES   _____

NO   ____X_____

I(B)   The defendant, Brandon Bernard, intentionally inflicted serious bodily injury that resulted in the death of the victim, Todd A. Bagley

Unanimously        YES   _____

NO   _____X_____

I(C)   The defendant, Brandon Bernard, intentionally participated in an act, contemplating that the life of the victim, Todd A. Bagley would be taken or intending that lethal force would be used in connection with a person other than one of the participants in the offense, and the victim, Todd A. Bagley, died as a result of the act;

Unanimously        YES   ___X_____

NO   _____



I(D) The defendant, Brandon Bernard, intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to someone other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and the victim, Todd A. Bagley, died as a result of the act.

Unanimously    YES    _____X_____

NO    _____

**Instructions**: If you answered "NO" with respect to **all** of the elements of intent listed in Part One, above, then stop your deliberations, fill out Decision Form A, and advise the Court that you have reached a decision.

If you answered "YES" with respect to **one or more** of the elements of intent listed in Part One, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Two.

## II.  **PART TWO - STATUTORY AGGRAVATING FACTORS**

**Instructions**:  For each of the following, answer "YES" if you,

the jury, unanimously find that the government has established the

existence of that statutory aggravating factor **beyond a reasonable**

**doubt**; answer "NO" if you do not so find:


II(A).  The defendant, Brandon Bernard, committed the offense

in an especially heinous, cruel or depraved manner in that it

involved torture or serious physical abuse to the victim Todd A.

Bagley.

<div style="margin-left:auto">

Unanimously    YES    _____X_____

               NO     _____

</div>


II(B).  The defendant, Brandon Bernard, committed the offense

as consideration for the receipt, or in the expectation of the

receipt, of anything of pecuniary value.

<div style="margin-left:auto">

Unanimously    YES    _____X_____

               NO     _____

</div>


II(C).  The defendant, Brandon Bernard, committed the offense

after substantial planning and premeditation to cause the death of

Todd A. Bagley.

<div style="margin-left:auto">

Unanimously    YES    _____X_____

               NO     _____

</div>

II(D).  The defendant, Brandon Bernard, intentionally killed or attempted to kill Todd A. Bagley and Stacie L. Bagley in a single criminal episode.

Unanimously     YES     _____

NO     ____ X ____

**Instructions**:  If you answered "NO" with respect to **all** of the statutory aggravating factors in Part Two, above, then stop your deliberations, fill out Decision Form B, and advise the Court that you have reached a decision.

If you answered "YES" with respect to **at least one** of the statutory aggravating factors in Part Two, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Three.

851
872
4848

## III.   PART THREE - NON-STATUTORY AGGRAVATING FACTORS

**Instructions**: For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that non-statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:

III(A).  The defendant, Brandon Bernard, is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others.

> Unanimously    YES    _____X_____

> NO    _____

III(B).  The defendant, Brandon Bernard, has caused injury, harm and loss to the family of the victim, Todd A. Bagley, because of the victim's personal characteristics as an individual human being and the impact of the death upon the victim's family.

> Unanimously    YES    _____X_____

> NO    _____

III(C).  The defendant, Brandon Bernard, committed the offense for the purpose of preventing the victim, Todd A. Bagley, from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of the defendants.

> Unanimously    YES    _____X_____

> NO    _____

852
873
7044

**Instructions**:  Regardless of whether you answered "YES" or "NO" with respect to the Non-Statutory Aggravating Factors in Part Three, above, continue your deliberations in accordance with the Court's instructions and proceed to Part Four.

## IV.  PART FOUR - MITIGATING FACTORS

**Instructions**:  For each of the following mitigating factors, indicate the number of jurors who find the existence of each particular mitigating factor by a preponderance of the evidence; if none of the jurors find by a preponderance of the evidence that a particular mitigating factor exists, write the number "0" in the blank provided:

IV(A).    Another defendant or defendants who may be equally culpable in the crime will not be punished by death.

Number of jurors who so find, if any    _____0_____

IV(B).    Brandon Bernard was eighteen at the time of the offense.

Number of jurors who so find, if any    _____0_____

IV(C).    Brandon Bernard has demonstrated remorse regarding the offense.

Number of jurors who so find, if any    _____0_____

IV(D).    Any other factors in Brandon Bernard's background or character that may mitigate against the imposition of the death sentence.

1.    _____

Number of jurors who so find, if any    _____

2.    _____

Number of jurors who so find, if any    _____

3.    _____

Number of jurors who so find, if any    _____

4.  _____

Number of jurors who so find, if any     _____

Proceed to the next page for further instructions.

**Instructions:**  Continue your deliberations in accordance with the Court's instructions and then complete either Decision Form C recommending a sentence of death, or Decision Form D recommending a sentence of life imprisonment without the possibility of release.



**DECISION FORM A**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the elements of intent.

_____
FOREPERSON


Date: _____, 2000

**DECISION FORM B**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the aggravating factors.

_____
FOREPERSON


Date: _____, 2000

## DECISION FORM C

Based upon consideration of whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death, we, the jury, recommend, by unanimous vote, that the defendant should be sentenced to death.

_____
FOREPERSON


Date: _____, 2000

**DECISION FORM D**

We, the jury, recommend, by unanimous verdict, a sentence of life imprisonment without possibility of release.

_____
FOREPERSON

Date: _____ 6-12- ___, 2000

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA      §
                               §
VS.                            §       CAUSE NO. <u>W-99-CR-070</u>
                               §
BRANDON BERNARD, (2)         §

## SPECIAL FINDINGS FORM

### COUNT FOUR

## I. PART ONE -- THE ELEMENT OF INTENT

**Instructions**: For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of the listed element of intent in the death of Stacie L. Bagley **beyond a reasonable doubt**; answer "NO" if you do not so find:

    I(A) The defendant, Brandon Bernard, intentionally killed the victim, Stacie L. Bagley

                   Unanimously     YES  _____

                                      NO  ___X_____

    I(B) The defendant, Brandon Bernard, intentionally inflicted serious bodily injury that resulted in the death of the victim, Stacie L. Bagley

                   Unanimously     YES  _____

                                      NO  ___X_____

    I(C) The defendant, Brandon Bernard, intentionally participated in an act, contemplating that the life of the victim, Stacie L. Bagley would be taken or intending that lethal force would be used in connection with a person other than one of the participants in the offense, and the victim, Stacie L. Bagley, died as a result of the act;

                   Unanimously     YES  ___X_____

                                      NO  _____

I(D)   The  defendant,  Brandon  Bernard,  intentionally  and
specifically  engaged  in  an  act  of  violence,  knowing  that
the  act  created  a  grave  risk  of  death  to  someone  other
than  one  of  the  participants  in  the  offense,  such  that
participation  in  the  act  constituted  a  reckless  disregard
for  human  life,  and  the  victim,  Stacie  L.  Bagley,  died  as
a  result  of  the  act.

Unanimously    YES    _____

NO    _____

**Instructions**:  If  you  answered  "NO"  with  respect  to  <u>all</u>  of  the

elements  of  intent  listed  in  Part  One,  above,  then  stop  your

deliberations,  fill  out  Decision  Form  A,  and  advise  the  Court  that

you  have  reached  a  decision.

If  you  answered  "YES"  with  respect  to  <u>one  or  more</u>  of  the

elements  of  intent  listed  in  Part  One,  above,  then  continue  your

deliberations  in  accordance  with  the  Court's  instructions  and

proceed  to  Part  Two.

## II.    PART TWO - STATUTORY AGGRAVATING FACTORS

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:


II(A).  The defendant, Brandon Bernard, committed the offense in an especially heinous, cruel or depraved manner in that it involved torture or serious physical abuse to the victim Stacie L. Bagley.

Unanimously    YES    \_\_\_\_\_X_____

NO     _____


II(B).  The defendant, Brandon Bernard, committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

Unanimously    YES    \_\_\_\_\_X_____

NO     _____


II(C).  The defendant, Brandon Bernard, committed the offense after substantial planning and premeditation to cause the death of Stacie L. Bagley.

Unanimously    YES    \_\_\_\_\_X_____

NO     _____

II(D).  The defendant, Brandon Bernard, intentionally killed or attempted to kill Todd A. Bagley and Stacie L. Bagley in a single criminal episode.

Unanimously    YES    _____

NO    ____✗_____

**Instructions**:  If you answered "NO" with respect to __all__ of the statutory aggravating factors in Part Two, above, then stop your deliberations, fill out Decision Form B, and advise the Court that you have reached a decision.

If you answered "YES" with respect to __at least one__ of the statutory aggravating factors in Part Two, above, then continue your deliberations in accordance with the Court's instructions and proceed to Part Three.

## III.    PART THREE - NON-STATUTORY AGGRAVATING FACTORS

**Instructions**:  For each of the following, answer "YES" if you, the jury, unanimously find that the government has established the existence of that non-statutory aggravating factor **beyond a reasonable doubt**; answer "NO" if you do not so find:

III(A).  The defendant, Brandon Bernard, is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others.

Unanimously    YES    _____X_____

NO    _____

III(B).  The defendant, Brandon Bernard, has caused injury, harm and loss to the family of the victim, Stacie L. Bagley, because of the victim's personal characteristics as an individual human being and the impact of the death upon the victim's family.

Unanimously    YES    _____X_____

NO    _____

III(C).  The defendant, Brandon Bernard, committed the offense for the purpose of preventing the victim, Stacie L. Bagley, from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of the defendants.

Unanimously    YES    _____X_____

NO    _____

**<u>Instructions</u>**:   Regardless  of  whether  you  answered  "YES"  or "NO" with respect to the Non-Statutory Aggravating Factors in Part Three,  above,  continue  your  deliberations  in  accordance  with  the Court's instructions and proceed to Part Four.

## IV.  PART FOUR - MITIGATING FACTORS

**Instructions**:  For each of the following mitigating factors, indicate the number of jurors who find the existence of each particular mitigating factor by a preponderance of the evidence; if none of the jurors find by a preponderance of the evidence that a particular mitigating factor exists, write the number "0" in the blank provided:

IV(A).  Another defendant or defendants who may be equally culpable in the crime will not be punished by death.

Number of jurors who so find, if any     _____ 0 _____

IV(B).  Brandon Bernard was eighteen at the time of the offense.

Number of jurors who so find, if any     _____ 8 _____

IV(C).  Brandon Bernard has demonstrated remorse regarding the offense.

Number of jurors who so find, if any     _____ 0 _____

IV(D).  Any other factors in Brandon Bernard's background or character that may mitigate against the imposition of the death sentence.

1.  _____

Number of jurors who so find, if any     _____

2.  _____

Number of jurors who so find, if any     _____

3.  _____

Number of jurors who so find, if any     _____

4.    _____

Number of jurors who so find, if any    _____

Proceed to the next page for further instructions.

**Instructions:**  Continue your deliberations in accordance with the Court's instructions and then complete either Decision Form C recommending a sentence of death, or Decision Form D recommending a sentence of life imprisonment without the possibility of release.

**<u>DECISION FORM A</u>**


We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the elements of intent.


_____

FOREPERSON


Date: _____, 2000



**<u>DECISION FORM B</u>**

We the jury have determined that a sentence of death should not be imposed because the government has failed to prove beyond a reasonable doubt the existence of any of the aggravating factors.

_____
FOREPERSON


Date: _____, 2000



**DECISION FORM C**

Based upon consideration of whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death, we, the jury, recommend, by unanimous vote, that the defendant should be sentenced to death.

_Calvin Kruger_
FOREPERSON


Date: _____ 6 - 13 - , 2000

## **DECISION FORM D**

We, the jury, recommend, by unanimous verdict, a sentence of life imprisonment without possibility of release.

_____
FOREPERSON

Date: _____, 2000

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA          §
                                  §
VS.                               §          CAUSE NO. W-99-CR-070
                                  §
CHRISTOPHER ANDRE VIALVA, (1)     §
BRANDON BERNARD, (2)              §

## CERTIFICATION

By signing below, each juror certifies that, in considering whether a sentence of death is justified as to any count of the indictment, and as to each defendant, consideration of the race, color, religious beliefs, national origin, or sex of the defendant or any victim was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crime in question no matter what the race, color, religious beliefs, national origin, or sex of either defendant, or any victim may be.

SIGNATURES OF ALL JURORS:

_____
James E Walbur

_____
Gary McCl___

_____
Harvey L Raesz

_____
_____

_____
Ron Sulak

_____
Annie Hill

_____
_____

_____
John W Slade

_____
Bertha Giffin

_____
Paula Lenix

_____
Carolin Krogh
FOREPERSON

Date: _____10/13/_____, 2000.