FILED

JUL 3 0 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. W-99-CR-70(1)** |
| | ) | |
| **CHRISTOPHER ANDRE VIALVA** | ) | |

**GOVERNMENT'S RESPONSE TO THIS COURT'S ORDER; AND MOVANT'S:**
**"REQUEST FOR THE UNITED STATES TO SHOW THAT IT HAS**
**SCREENED CONFLICTED COUNSEL, AND IN THE ABSENCE OF**
**SCREENING, TO DISQUALIFY THE OFFICE OF THE UNITED**
**STATES ATTORNEY, WESTERN DISTRICT OF TEXAS"**

TO THE HONORABLE COURT:

Comes now the United States of America, by and through the United States Attorney

for the Western District of Texas, and responds to § 2255 Movant CHRISTOPHER ANDRE

VIALVA'S "Request," and THIS HONORABLE COURT'S ORDER of June 18, 2004, to

show evidence that Mr. Dwight Goains has been screened from the above captioned matter.

**The Request And Order**

As discussed by Movant, Mr. Dwight Goains was one of the attorneys who

represented Mr. Vialva at trial in the above captioned matter. After the conclusion of the

trial in June of 2000, Mr. Goains withdrew from the case on June 29, 2000. He joined the

Office of the United States Attorney for the Western District of Texas as an Assistant United

States Attorney ("AUSA") in the Alpine/ Pecos Division on February 11, 2001.

397/398

2077

Counsel for Mr. Vialva have filed a "request" for the United States to show that it has screened conflicted counsel [Mr. Goains] and, in the absence of screening, to disqualify the office of the United States Attorney of the Western District of Texas from participation in this § 2255 proceeding. The primary basis for the request is the rule of professional conduct that one "who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing (which Mr. Vialva has not given). *See* Texas Disciplinary Rules of Professional Conduct 1.09. This Honorable Court has ordered the United States Attorney to show evidence that Mr. Dwight Goains has been screened from the above captioned matter.

### Mr. Goains Has Executed An Affidavit To The Effect That He Has Had No Contact With Anyone In The District As To Any Facts Of The Vialva Case; He Has, As A Factual Result, Been Screened From The Case

Attached as Exhibit A, is an affidavit from Mr. Goains to the effect that as an AUSA he has had no contact with anyone in this office with regard to the Vialva case, with the exception of obtaining permission to respond to Vialva's § 2255 counsel's informational request and discussing the provision of this affidavit. The affidavit provides, in part, that:

> 3. After my employment with the United States Attorney's Office for the Western District of Texas, I did not discuss with anyone in the United States Attorney's Office for the Western District of Texas the facts or case of Christopher Vialva nor has anyone in the United States Attorney's Office for the Western

District of Texas attempted to discuss with me the facts or case
of Christopher [] Vialva.

Similarly, in *United States v. Goot*, 894 F.2d 231, 233 (7th Cir. 1990), the Seventh Circuit noted with approval that conflicted counsel had filed an affidavit stating that no communications had taken place with respect to the prosecution.

### Mr. Goains Has Been Geographically Screened In This Case

In  *Goot*, an attorney, James Richmond, represented the subject of a criminal investigation, Stephen Goot, prior to Richmond's appointment in 1985 as the United States Attorney for the Northern District of Indiana. Goot was indicted in 1987, and he moved for disqualification of the United States Attorney's Office. The Seventh Circuit affirmed the refusal to disqualify because "screening mechanisms" had been timely employed to screen Richmond from staff working on Goot's prosecution.

As noted above, Mr. Goains took the oath of office as an Assistant United States Attorney in the Alpine/ Pecos Division on February 11, 2001. As the Court is undoubtedly aware, there are and have been a small number (two or three) prosecutors in the Alpine Office who engage in a very active criminal docket. The San Antonio office, the main office of the district, is approximately 377 miles from Alpine by the most direct route. The Waco office is approximately 439 miles from Alpine. Thus, although Mr, Goains executed no formal recusal and there was no formal advisory of a recusal, Mr. Goains was and has been geographically screened, isolated, and segregated from the only two proceedings in this case that have taken place since he became an AUSA: the direct criminal appeal, and the § 2255

3

2079

motion.  Mr Goains was and has been effectively screened, *de facto* screened, from these matters. Based on Mr. Goains' affidavit, as a factual matter, he has been successfully screened from the post-trial proceedings in this case.

Additionally, pursuant to the Ethics in Government Act of 1978 (5 U.S.C. App.), Executive Order 12674 and 5 CFR Part 2634, Subpart I, prior to working on any matter (in the usual method of tracking conflicts) AUSAs are required to report on a "Confidential Conflict Of Interest Certification" form any financial or personal interest in that matter. Because Mr. Goains was not assigned any work on this matter, no form was executed.

### Mr. Goains Was Not Involved In The Direct Appeal Or § 2255 Response

As noted above, the two proceedings on this case that have taken place since Mr. Goains became an AUSA on February 11, 2001, were: (1) the direct criminal appeal, docketed by the Clerk's Office of the Fifth Circuit on June 28, 2000, with the government's brief filed on October 17, 2001; and (2) the § 2255 motion, filed by counsel for Mr. Vialva in June and July of 2004.  Counsel for the government on the direct appeal were AUSA Joseph H. Gay, Jr., lead counsel on all appeals, and AUSA Angela J. Moore, who drafted the brief, both of whom worked in the San Antonio office.

AUSA Gay is presently overseas serving in the armed forces.  AUSA Moore has resigned from this office.  If deemed helpful, both lawyers could be located to provide affidavits of no contact with Mr. Goains as to the appellate case.

## The Concerns Underlying The Screening And Segregation
## Of Prior Counsel Are Different With Regard To Post-Trial Matters

In *Goot*, and other cases discussing screening and disqualification, a defendant's prior counsel is "walled off" from others prosecuting the case. Presumably, the concerns are that the prior counsel could accidentally (or intentionally) divulge confidential facts or trial strategy that could be used against the former client. In this case on the other hand, by the time Mr. Goains joined the United States Attorney's Office trial strategy had already been executed and the facts had already been heard by the jury. As noted above, only two proceedings on this case took place since Mr. Goains became an AUSA: the direct criminal appeal, and the § 2255 motion.

Briefs are filed and appellate decisions are made based on the "Record On Appeal." The composition of the Record On Appeal is: (1) the original papers and exhibits filed in the district court, (2) the transcript of the proceedings, and (3) a certified copy of the docket entries. *See* Federal Rule Of Appellate Procedure 10. Thus, in addition to Mr. Goains' affidavit that there has been no contact by or with Mr. Goains regarding this case, the circumstances show that there was nothing Mr. Goains could have divulged that would have been of any relevance with regard to the appeal. *See, e.g., Garcia v. American Marine Corp.*, 432 F.2d 6, 8 (5th Cir. 1970 (facts not presented at trial may not be asserted on appeal, and any action on appeal can be properly based only on matters considered at trial).

Furthermore, Mr. Goains had already seen the exhibits in the case in his capacity as trial counsel. As to the appellate briefs, they were a matter of public record.

As to the § 2255 motion, counsel for Mr. Vialva delivered their massive filings, which have yet to be digested, to the Waco office in June of 2004 and in this month. The filings have remained in a box that has moved only between the Waco, San Antonio, and Austin offices. Mr. Goains has not examined these filings or discussed any facts about the case with potential § 2255 counsel.

As to possible future hearings on § 2255 matters, the clear instruction Mr. Goains has received, not to discuss the case at all, will prevent any confidentiality problem. This Honorable Court additionally could consider entering a no-discussion order.

### Conclusion

In response to THIS HONORABLE COURT'S ORDER of June 18, 2004, to show evidence that Mr. Dwight Goains has been screened from the above captioned matter, the government has submitted an affidavit from Mr. Goains attesting to an actual lack of contact with office personnel regarding Vialva's case. Additionally, Mr. Goains has been effectively screened and isolated by his deployment in the Alpine office, hundreds of miles away from other offices. Moreover, because of the nature of appellate proceedings, that concern only the record on appeal, and the recency of the § 2255 filings, there has been no danger of any compromise of Mr. Vialva's interests. Finally, as to both appearances and practicalities, there would be little difference between an appellate attorney from the Western District of Texas working on the § 2255 motion out of the Austin office, hundreds of miles from Mr. Goains' office, and an AUSA from another district working on the motion, also hundreds of

6

208

miles from Mr. Goains' office.

Wherefore, all premises considered, the United States prays that Movant's request and motion for disqualification of this office be denied.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By:

Mark R. Stelmach
Assistant U.S. Attorney
Appellate Section
816 Congress Avenue, Suite 1000
Austin, Texas 78701
A/C 512 916-5858
FAX 512 916-5854
Pennsylvania State Bar No. 28964

And:    Douglas Gardner
Assistant U.S. Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
A/C 512 916-5858
FAX 512 916-5854
Texas State Bar No. 24007223

Elizabeth Cottingham
Assistant U.S. Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
A/C 512 916-5858
FAX 512 916-5854
Texas State Bar No. 04865500

State of Texas        )
                      )
Brewster County       )

## AFFIDAVIT

I, B. Dwight Goains, swear that the following facts are true and correct, to wit:

1. I was appointed second chair in the capital murder case of Christopher Vialva.

2. After the trial of Christopher Vialva and prior to my employment with the United States Attorney's Office for the Western District of Texas, I did not discuss with anyone in the United States Attorney's Office for the Western District of Texas the facts or case of Christopher Vialva nor did anyone in the United States Attorney's Office for the Western District of Texas attempt to discuss with me the case of Christopher of Vialva.

3. After my employment with the United States Attorney's Office for the Western District of Texas, I did not discuss with anyone in the United States Attorney's Office for the Western District of Texas the facts or case of Christopher Vialva nor has anyone in the United States Attorney's Office for the Western District of Texas attempted to discuss with me the facts or case of Christopher of Vialva.

4. On or about February 24, 2004, I received a letter from the Federal Public Defender's Office requesting information concerning dates of interviews, job offerings, date I was sworn in as an Assistant United States Attorney, etc. AT that time, I contacted my boss, Mr. Richard Durbin, Chief of the Criminal Division, and requested information from my personnel files so I could respond to the letter. Other than requesting the information and Mr. Durbin complying with the request, Mr. Durbin and I did not discuss the facts or case of Christopher Vialva.

5. On July 28, 2004, Mr. Mark Stelmack, Assistant United States Attorney, requested this affidavit. Mr. Stelmack and I did not discuss the facts or case of Christopher Vialva.

Signed this the 29th day of July, 2004.

B. Dwight Goains

# EXHIBIT A

2084

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Government's Response has been sent by regular

mail on this the 30th day of July, 2004, to:


Attorneys for Defendant/Movant Christopher Andre Vialva
Susan M. Otto
Federal Public Defender
Lisa S. McCalmont
Assistant Public Defender
215 Dean A. McGee Avenue, Suite 109
Oklahoma City, Oklahoma 73102

Attorneys for Defendant/Movant Brandon Bernard
Robert C. Owen
Owen & Roundtree, L.L.P.
P.O. Box 40428 Austin, Texas 78704

Robert H. Gombiner
Federal Public Defender
1601 Fifth Avenue, Ste. 700
Seattle, Washington 98101


Mark R. Stelmach
Assistant U.S. Attorney