**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

FILED

SEP 3 0 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | **CRIMINAL NO. W-99-CR-70(1)** |
| v. | ) | |
| | ) | |
| CHRISTOPHER ANDRE VIALVA | ) | |

## GOVERNMENT'S RESPONSE TO MOVANT'S MOTION TO CONDUCT DISCOVERY

TO THE HONORABLE COURT:

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and responds to § 2255 Movant CHRISTOPHER ANDRE VIALVA'S Motion To Conduct Discovery.

### Vialva's Motion

Vialva's motion to conduct discovery seeks this Court to order the production of: (1) trial witness Terry Brown's "Juvenile Record, Jail Record, and Custodial Medication Record"; (2) trial witness Christopher Lewis' "Juvenile Record, Jail Record, and Custodial Medication Record"; and (3) the "Trial Files of the United States Attorney" (Motion at 1-8). He also seeks this Court to (4) order the deposition of Dwight Goains, Vialva's former trial co-counsel (Motion at 8-9).

407

213

**Discovery In Section 2255 Cases**

Rule 6(a), titled "Discovery" "Leave of court required," of the Rules Governing Section 2255 Proceedings For The United States District Courts provides that:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

28 U.S.C.A. § 2255 Rule 6(a).[1]  In order to meet this standard, Vialva must:  (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show good cause for the discovery. *Harris v. Nelson*, 394 U.S. 286, 298-300 (1969).  Good cause exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" *Bracy v. Gramley*, 520 U.S. 899, 908-9 (1997) (quoting *Harris*).

On the other hand, "'Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence.'" *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) (quoting *Aubet v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).  The petitioner must set forth specific allegations of fact; conclusory allegations are not enough to warrant discovery under Rule 6. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996) (citing *Ward*).  Simply put, Rule 6 does not allow fishing expeditions. *Id.*; *see also, e.g., United States v. Short*, 2001 WL 736761 (E.D.La. 2001) (application to a § 2255 case).

---

[1] Additionally, Rule 6(b) requires "a list of the documents . . . sought to be produced."

213

### Juvenile Record, Jail Record, And Custodial Medication Record Of Terry Terrell Brown

Vialva first seeks the juvenile record, jail record, and custodial medication record of trial witness Terry Terrell Brown, "while he was confined at the juvenile detention center in Killeen, Texas, and/or the juvenile detention center in Waco, Texas" (Motion at 3). Vialva states that he already has obtained "[d]ocuments released by the Bell County Sheriff's Office [that] reflect Mr. Brown was prescribed psychotropic medication while confined at an unspecified juvenile facility," and that this information was not presented to the jury (Motion at 3-4). Thus, it appears that some of the records Vialva seeks might contain information cumulative to these documents. In the remainder of the cluster of requests, Vialva merely seeks to explore additional areas that might contain potential impeachment evidence. This request for discovery is an exploratory search, a "fishing expedition," to perhaps find something, and should be denied.

Additionally under this section, Vialva speculates, based on a newspaper article, that there may be information within the FBI's "I-file" or I-drive" that would be helpful to his case (Motion at 4-5). Analogously, in *Hughes v. Johnson*, 991 F.Supp. 621, 639 (S.D.Tex. 1998), the petitioner asserted "that evidence recovered during an internal DPS investigation which allegedly yielded information inconsistent with Trooper Reichert's testimony was withheld at trial in violation of *Brady v. Maryland*." The court found that petitioner had failed to describe the investigation or show that it was even conducted, and that he failed to allege facts that would entitle him to relief. *Id.* Thus, the request for an evidentiary hearing to develop this evidence was denied as a "fishing expedition." *Id.* In the instant case as well,

2138

there is nothing to support the proposition that there is any relevant "I-drive" information.

As to these documents and this information, Vialva has not made a sufficient showing of a constitutional violation and good cause for discovery. His requests are merely for exploratory searches, in the hope of producing relevant evidence, and should be denied.

## Juvenile Record, Jail Record, And Custodial Medication Record Of Christopher Lewis

Vialva also seeks the juvenile record, jail record, and custodial medication record of trial witness Christopher Lewis. As to these documents and this information as well, Vialva has not made a sufficient showing of a constitutional violation and good cause for discovery. His requests are merely for exploratory searches, in the hope of producing relevant evidence, and should be denied.

## The Prosecutor's Trial File

Vialva also requests production of the prosecutor's "trial file." Generally, as first recognized by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495 (1947), the work product doctrine was designed to allow an attorney to assemble information, sift through the facts, and prepare legal theories and strategies without undue or needless interference; it was meant to promote justice and protect a client's interests by restricting access to an attorney's correspondence, briefs, mental impressions, and other documents. *See United States v. Nobles*, 422 U.S. 225, 237 (1975). The doctrine protects material prepared by investigators and other agents as well as those prepared by the attorney himself. *Id.* at 238-39. Absent a waiver, "opinion" work product, such as mental impressions, opinions, conclusions, judgments, or legal theories are not discoverable. *See, e.g., In re*

2139

*Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002) (citations omitted).

Specifically, Vialva seeks information from the prosecutor's trial file to determine what items had been released to and examined by defense counsel (Motion at 7-8). Vialva recites that "Mr. Mark Frazier, Assistant United States Attorney, reaffirmed this office's 'open file' discovery policy," and that "Mr. Frazier said he voluntarily provided copies of all documents to defense counsel" (Motion at 8). Certainly, Movant cannot be asserting that Mr. Frazier was sitting with all defense counsel and recording everything defense counsel examined during the entire discovery process. Vialva has not made a sufficient showing of a constitutional violation and good cause for discovery of the prosecutor's trial file, or any part of the prosecutor's file. Movant's requests are merely for exploratory searches, in the hope of producing relevant evidence, and should be denied.

## Deposition Of Dwight Goains

Finally, Vialva seeks to depose Mr. Goains, former defense counsel. The record in this case includes the trial transcript showing Mr. Goains' representation of Vialva, a transcript of the conflict-of-interest hearing before this Honorable Court, and a written affidavit from Mr. Goains. Vialva has not made a sufficient showing of a constitutional violation and good cause for such a deposition. He has not shown that the record is inadequate. Movant's request is merely for an exploratory search, in the hope of producing relevant evidence, and should be denied.

2140

## Alternative Course Of Action

Alternatively, because the need for discovery is measured by the specificity and viability of the constitutional claims, and the specific information available and relevant to those claims, this Honorable Court may wish to hold the motion in abeyance until after the government's answer to the § 2255 motion, and until further analysis has been undertaken of the myriad of claims presented.

## Conclusion

Wherefore, all premises considered, the United States prays that Movant's Motion To Conduct Discovery be denied, or, alternatively, held in abeyance pending the establishment of the need for such discovery.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By:

Mark R. Stelmach
Assistant U.S. Attorney
Appellate Section
816 Congress Avenue, Suite 1000
Austin, Texas 78701
A/C 512 916-5858
FAX 512 916-5854
Pennsylvania State Bar No. 28964

And:  Douglas Gardner, Assistant U.S. Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
A/C 512 916-5858
FAX 512 916-5854
Texas State Bar No. 24007223

214

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Government's Response has been sent by regular mail on this the 30th day of September, 2004, to:

Attorneys for Defendant/Movant Christopher Andre Vialva
Susan M. Otto
Federal Public Defender
Lisa S. McCalmont
Assistant Public Defender
215 Dean A. McGee Avenue, Suite 109
Oklahoma City, Oklahoma 73102

Attorneys for Defendant/Movant Brandon Bernard
Robert C. Owen
Owen & Roundtree, L.L.P.
P.O. Box 40428 Austin, Texas 78704

Robert H. Gombiner
Federal Public Defender
1601 Fifth Avenue, Ste. 700
Seattle, Washington 98101

Mark R. Stelmach
Assistant U.S. Attorney

2142