**FILED**

**NOV 0 5 2004**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CASE NO. W-99-CR-70(1) and |
| | § | W-99-CR-70(2) |
| CHRISTOPHER ANDRE VIALVA and | § | |
| BRANDON BERNARD. | § | |

| | | |
|---|---|---|
| CHRISTOPHER ANDRE VIALVA | § § | |
| v. | § | CASE NO. 04-CV-163 |
| | § | |
| UNITED STATES OF AMERICA | § | |

| | | |
|---|---|---|
| BRANDON BERNARD | § § | |
| v. | § | CASE NO. 04-CV-164 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## JOINT MOTION FOR PERMISSION TO INTERVIEW JURORS

### TO THE HONORABLE COURT:

Christopher Andre Vialva and Brandon Bernard, by and through their counsel, request permission to interview the jurors empaneled to decide this case. This Joint Motion and a proposed Order granting the relief requested are submitted in conformity with Local Rule CV-7 (c)(10) and (f), respectively. Facts supporting this request that are not already part of the record are submitted in the Appendix to the Motion, in accordance with Local Rule CV-7 (b) and (c).

408

2-14

### A.    *Grounds for Request*

The Rules of this Court place an affirmative duty on counsel to "refrain from approaching jurors who have completed a case." Local Rule AT-5 (b)(6). A prior rule of this Court expressly prohibited counsel from questioning jurors about their deliberations or verdict "except upon leave of court for good cause shown." *United States v. Davila*, 704 F.2d 749, 754, n. 6 (5th Cir. 1983). While the present rule does not contain the same explicit prohibition, counsel are requesting this Court's leave to approach the jurors who decided this case for purposes of requesting information relating to specific extraneous prejudicial matters that may have been brought to bear on the members of the jury. The only source for determining whether this extraneous prejudicial information was before one or more of the jurors are the jurors themselves. If a juror confirms the existence of the extraneous prejudicial information, that juror will be competent to provide that information to this Court. Rule 606 (b), Fed. R. Evid..

### B.    *Factual and Legal Bases for Request*

Prior to closing arguments during the first stage of trial, the Court advised counsel of two matters relating to the jury. The first matter concerned the first alternate juror. The second matter was related to counsel as follows:

> Secondly, a juror said as they came past where some people were out on the sidewalk this morning, and some person they described as a "Black lady," said to them, "Someone is going to die in that trial today." So, if you notice some extra security or something today, that will be the reason.

XII Tr. 2591. Mr. Vialva's trial counsel failed to request further inquiry on the matter and failed to move for a mistrial. Concomitantly, Mr. Vialva's appellate counsel failed to raise a claim of error before the Fifth Circuit. Trial counsel for Mr. Bernard also failed to move for a mistrial or to request

2

individual voir dire of the jurors.  Appellate counsel for Mr. Bernard presented an assignment of error, arguing the Court erred by failing to conduct a hearing on the incident. The Fifth Circuit rejected Mr. Bernard's claim of error on the grounds the "passing statement of a crowd member was minimally prejudicial, even if it is assumed to have been intended to influence the jury." *United States v. Bernard*, 299 F.3d 467, 477 (5th Cir. 2002).

The scant record presented on direct appeal established five facts supporting counsel's present request: first, third party contact with the jury occurred prior to first stage deliberations; second, the contact was sufficiently significant to at least one juror that the matter was reported to the Court; third, the contact was sufficiently distinct that the juror reported the apparent race and gender of the contacting third party; fourth, content of the contact was sufficiently serious that the Court responded by increasing security precautions; and, fifth, at least one jurors already confessed she feared for her safety and the safety of her family as a result of serving as a juror in the case. *See* II Tr. 303 (jury service would be "very stressful); 304 (asked whether she wanted to serve, Juror Number 69 wrote, "No. I do not know that my family and I would be safe from other gang members if the death penalty is chosen."); 311 (newspaper articles about "gang members" being involved were the source of juror's concern about retaliation).

If one or more members of the jury were influenced negatively by the comment, or were influenced by the Court's response to the comment, that issue may be properly raised in the instant post conviction proceeding.  Similarly, trial counsel's failure to interpose a timely objection, to request individual voir dire of the jurors, and to move for a mistrial may be presented as an instance of ineffective assistance of counsel warranting post conviction relief.

214

During the second stage of trial, Mr. Vialva's mother and stepfather recall an incident that occurred during a recess. Both Mr. and Mrs. Brown believe the jury was seated, waiting for court to reconvene. Mr. and Mrs. Brown recall the incident occurred during the presentation of Mr. Vialva's evidence. Mr. and Mrs. Brown recall Ranger Aycock looked into the gallery of spectators, past where they were sitting. Mr. and Mrs. Brown recall Ranger Aycock making a gesture they construed as a deprecating nonverbal comment on the defense presentation. Counsel attempted to contact Ranger Aycock prior to filing Mr. Vialva's *§ 2255 Motion*, but were unable to establish communication with him. An attempt to locate Ranger Aycock through the Texas Rangers also failed to yield a response. If one or more of the jurors witnessed the gesture, this would be another instance of improper extraneous communication. If one or more of the jurors was influenced by the gesture, this would be an instance of prosecutorial misconduct warranting post conviction relief.

### C.    *Conclusion*

The law concerning improper contact with jurors is well established. Any private communication, contact, or tampering, either directly or indirectly with a juror is presumptively prejudicial and the government bears the burden of establishing the contact was harmless. *Remmer v. United States*, 347 U.S. 227, 229 (1954). Contact that has the effect of influencing or disturbing a juror's free exercise of his or her judgment as a juror requires a new trial. *Remmer v. United States*, 350 U.S. 377, 382 (1956). The importance of close scrutiny of any extrinsic contact with jurors is heightened when a sensational case results in an emotionally charged, highly publicized trial. *See Sheppard v. Maxwell*, 484 U.S. 333, 351(1966) (*quoting Patterson v. State of Colorado*, 205 U.S. 454, 462 (1907)). The same forces were operating in this case. Two young African American men, accused of gang affiliation, were the subjects of the first federal capital trial in the

214

district.  The details of the victims' deaths were highly publicized as were the details of their lives as a young married couple active in Christian youth ministry.  All of these factors increase the risk of prejudice from extrinsic contact that impacted the attention of one or more of the jurors.

This is not an instance in which a defendant is attempting to determine if a juror made a clerical mistake on one of the counts of conviction or if general publicity about an unrelated case may have influenced deliberations.  *Compare United States v. Booker,* 334 F.3d 406, 416-417 (5th Cir. 2003) (no allegation of external influence; sought to determine if jury mismarked the verdict form since evidence of guilt on one count was weak);  *United States v. Davila,* 704 F.2d at 754-755 (no preliminary showing of improper influence on jury from publicity surrounding not guilty verdict in John Hinkley prosecution).  This is not the sort of generalized "fishing expedition" rejected by the Fifth Circuit in *Davila.*  By the same token, this case is not before the Court on a fully developed factual record, complete with an examination of the affected juror or jurors in the presence of counsel and the accused.  *Compare United States v. Sotelo,* 97 F.3d 782, 794-797 (5th Cir. 1996) (jury misconduct claim arising from racial pressure exerted during deliberations).

Counsel have presented all of the facts currently known to them and have described their efforts to supplement these facts from independent sources.  The facts are sufficient to warrant this Court's granting permission for counsel to interview the jurors.  Counsel intend to pool their resources to minimize expenses as well as intrusion on the jurors.  Counsel will confer with each other to avoid duplicating efforts and contacts.  Further investigation is necessary for counsel to discharge their obligation of effective representation to their respective clients and to provide this Court will all evidence relevant to their claims for relief.

2|4

Respectfully submitted,

ROBERT C. OWEN  Texas Bar #15371950
Owen & Rountree, L.L.P.
P.O. Box 40428
Austin, Texas  78704
Telephone: 512 804-2661  Telefacsimile: 512 804-2685

ROBERT H. GOMBINER
Assistant Federal Public Defender
Western District of Washington
1601 Fifth Avenue  Suite 700
Seattle, Washington  98101
Telephone: 206 553-1100  Telefacsimile: 206 553-1027
COUNSEL FOR DEFENDANT/PETITIONER
BRANDON BERNARD

SUSAN M. OTTO   OBA #6818
Federal Public Defender

LISA S. McCALMONT  Texas Bar # 24007629 OBA #17096
Assistant Federal Public Defender
Death Penalty Federal Habeas Corpus Division
Western District of Oklahoma
215 Dean A. McGee   Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405 609-5930 Telefacsimile: 405 609-5932
COUNSEL FOR DEFENDANT/PETITIONER
CHRISTOPHER ANDRE VIALVA

214

## CERTIFICATE OF SERVICE

I certify that on this __4 h__ day of November, 2004, a true and correct copy of this Motion and the proposed Order was mailed, postage prepaid to Mr. Mark Stelmach, Assistant United States Attorney, 816 Congress Avenue, Suite 1000, Austin, Texas  78701.

ROBERT C. OWEN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | **CASE NO. W-99-CR-70(1) and** |
| | | **W-99-CR-70(2)** |
| CHRISTOPHER ANDRE VIALVA and BRANDON BERNARD. | § § | |
| | | |
| CHRISTOPHER ANDRE VIALVA | § § | |
| v. | § § | **CASE NO. 04-CV-163** |
| UNITED STATES OF AMERICA | § | |
| | | |
| BRANDON BERNARD | § § | |
| v. | § § | **CASE NO. 04-CV-164** |
| UNITED STATES OF AMERICA | § § | |

## ORDER GRANTING PERMISSION TO INTERVIEW JURORS

This matter is before the Court on the joint motion of counsel for Christopher Andre Vialva and Brandon Bernard requesting permission to interview the jurors empaneled in this case. The Court finds the motion should be and is hereby granted.

It is so ordered this _____ day of November, 2004.

_____
WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS

215