FILED

NOV 1 2 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

UNITED STATES OF AMERICA,    §
                            §
v.                          §    **CRIMINAL NO. W-99-CR-70(1)**
                            §    **CIVIL NO. 04-CV-163**
                            §
CHRISTOPHER ANDRE VIALVA.    §

**MOTION TO RECONSIDER ORDER DENYING
MOTION TO DISQUALIFY UNITED STATES ATTORNEY'S OFFICE
AND BRIEF IN SUPPORT**

**TO THE HONORABLE COURT:**

Christopher Andre Vialva, by and through the undersigned counsel, requests this Court reconsider its *Order* of August 8, 2004, denying Mr. Vialva's *Motion to Disqualify the Office of the United States Attorney, Western District of Texas.* Doc. 401 (*Order*); Doc. 400 (*Motion*). In support of this *Motion to Reconsider*, counsel submits the following additional facts and argument.

The *Motion to Disqualify* was filed after the United States, in compliance with this Court's *Order*, filed a response to Mr. Vialva's *Request to the United States to Show That It Has Screened Conflicted Counsel.* Doc. 376 (*Request*); Doc. 379 *(Order )*; Doc. 398 *(Government's Response).* The position of the United States Attorney for the Western District of Texas was presented by an Assistant stationed in the office's Appellate Section in Austin, Texas. The United States Attorney did not contest Dwight Goains's present employment as an Assistant United States Attorney presented an actual conflict of interest. Further, the United States Attorney did not contend formal screening procedures were instituted prior to or coincident with Mr. Goains's entry on duty with the office. *See* Doc. 398, at 3. In a direct admission, the United States Attorney conceded Mr. Goains

409                                                                2151

did not execute either a formal recusal or a formal advisory of recusal. *Id.* at 3-4. Nevertheless, the United State Attorney maintained disqualification of the office was not required and cited two factors in support of this assertion.

The United States Attorney represented to this Court that his admittedly conflicted current employee, Dwight Goains, had not communicated previously about this case with his colleagues and, in any event, Mr. Goains was effectively screened at this time because of the vast distances between various branch offices of the United States Attorney in the Western District of Texas. The United States Attorney assured this Court there would be "little difference" between an attorney "hundreds of miles away" in the appellate section and an attorney "hundreds of miles away" in another office handling the case. Doc. 397 at 6. By utilizing the services and, presumably, the professional judgment of a specialist in appellate matters, the United States Attorney was essentially assuring this Court that the attorneys involved in the trial of this capital case who are now colleagues employed by the same supervisor, would be insulated from the post conviction process. Such insulation is essential since both Mr. Frazier and Mr. Goains were witnesses to and participants in events central to several of Mr. Vialva's claims for relief.

This Court denied Mr. Vialva's *Motion to Disqualify* based on "the affidavit filed by Mr. Goains, and the other circumstances of Mr. Goains' employment." Doc. 401. The Court did not enumerate the factual or legal bases for its conclusion Mr. Goains was effectively screened. But, the Court's acceptance of the United States Attorney's solution to the continuing conflict presented by his employment of Mr. Vialva's trial counsel is implicit in the Court's decision. This means the Court accepted as appropriate the United States Attorney's transfer of responsibility as primary counsel to his Austin, Texas Appellate Section, "hundreds of miles" from conflicted counsel and

215

from trial counsel for the United States. Subsequent developments have demonstrated trial counsel for the United States, rather than being removed from the process, is continuing to exercise authority in this case.

The United States Attorney is vigorously opposing counsel's efforts to develop extra-record facts bearing on the merits of Mr. Vialva's claims. It appears the United States Attorney believes Mr. Vialva is restricted to the record created during his jury trial. *See* Doc. 407, unnumbered page 5. Similarly, the United States Attorney opposes production of the prosecution's trial file, arguing counsel for Mr. Vialva "cannot be asserting that [trial counsel for the United States] Mr. Frazier was sitting with all defense counsel and recording everything defense counsel examined during the entire discovery process." *Id.* It is unclear whether this rhetorical comment is an admission that no records exist documenting what evidence was disclosed to counsel or a more general assertion that the United States Attorney's Office is immune from the discovery processes applicable to post conviction proceedings. In either instance, the United States Attorney has taken the position Mr. Vialva bears the burden of producing an indeterminate quantum of facts before this Court may consider granting further discovery. After the United States Attorney filed his response in opposition to discovery, his employee, the trial level prosecutor, engaged in efforts to preclude Mr. Vialva from collecting information about this case directly from the Federal Bureau of Investigation.

On September 15, 2003, the undersigned counsel submitted a Freedom of Information Act request to the Federal Bureau of Investigation, in writing, transmitted via telefacsimile. By form letter dated October 21 and received October 29, 2003, counsel was notified the Bureau was invoking a statutory exemption, Title 5, United States Code, Section 552 (b)(7)(A), and denying release of the requested information. Counsel filed an appeal and requested an expedited review,

3

in light of the June, 2004 statutory filing deadline for Mr. Vialva's *§ 2255 Motion*. On March 22, 2004, counsel received notification from Richard Huff, Co-Director of the Bureau's Office of Information and Privacy, that the appeal was granted. A copy of Director Huff's letter is contained in the *Appendix* as Exhibit 1.

Counsel did not receive the requested materials prior to the June, 2004 filing deadline. On September 17, 2004, an analyst with the Bureau's Office of Information and Privacy contacted counsel and advised the only materials that would be provided were those in the "public record." Counsel confirmed the Bureau's definition of "public record" included only pleadings from the court file. On further inquiry, the analyst advised this decision was attributed to Assistant United States Attorney Mark Frazier by Federal Bureau of Investigation Special Agent Dan Chadwick. Counsel requested written confirmation of this intervening decision. Mr. David Hardy, Section Chief, transmitted the Bureau's response by letter dated September 28, 2004. A copy of the letter is contained in the *Appendix* as Exhibit 2.

The Freedom of Information Act provides a process through which a decision unfavorable to the requestor may be reviewed internally. Counsel submitted a request for review promptly, but, as of the filing of this *Motion*, has yet to receive a response. The effect of the Bureau's denial of information is separate matter for this Court's consideration and a more complete discussion is presented in Mr. Vialva's *Supplement to Motion for Discovery*. Both the fact and nature of trial counsel's continued exercise of authority in this case call into question the efficacy of the "geographic" or *"de facto"* screen on which the United State Attorney relied. Consequently, the fact and nature of trial counsel's actions merit reconsideration by this Court of its previous decision accepting the United States Attorney's solution to the acknowledged conflict presented in this case.

2154

Mr. Vialva requested disqualification of the United States Attorney's Office for the Western District of Texas based on the office's failure to institute an effective screening process prior to hiring Mr. Vialva's trial counsel as an Assistant in that office. The United States conceded no screen was in place prior to Mr. Goains's entry on duty. The United States Attorney based his excuse for that delict on the contention no breach of attorney client confidence had yet occurred and the risk of any future communications was obviated by map mile distances. It is now evident the locations of the various offices and the transfer of responsibility for the litigation to new counsel have been wholly ineffective insulation. The same attorney who prosecuted Mr. Vialva and the case agent responsible for marshaling the information used by the prosecutor are directing critical portions of this litigation. There is, in fact, no distinction between the branch offices: they are operating in concert to preclude counsel's efforts to investigate legitimate areas of extra-record facts that will support the claims presented in Mr. Vialva's *§ 2255 Motion* and, potentially, additional claims for relief. *See East v. Scott*, 55 F.3d 996 (5th Cir. 1995); *East v. Scott*, 123 F.3d 235, 236-237 (5th Cir. 1997). This Court can repose no confidence in the curative efforts of the United States Attorney. Disqualification of the office is the mechanism that will correct the extant conflict.

Based on the foregoing, Mr. Vialva requests this Court reconsider its prior decision and enter an order disqualifying the entire United States Attorney's Office for the Western District of Texas from further participation as counsel of record in these post conviction proceedings. A proposed *Order* granting the relief requested is submitted with this *Motion to Reconsider*.

2155

Respectfully submitted,

SUSAN M. OTTO   Oklahoma Bar # 6818
Federal Public Defender Western District of Oklahoma
LISA S. McCALMONT Texas Bar # 24007629 OBA #17096
Assistant Federal Public Defender
Death Penalty Federal Habeas Corpus Division
215 Dean A. McGee  Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405 609-5930 Telefacsimile: 405 609-5932
COUNSEL FOR DEFENDANT/PETITIONER
CHRISTOPHER ANDRE VIALVA


## CERTIFICATE OF SERVICE

I certify that on this 11th day of November, 2004, a true and correct copy of this *Motion to Reconsider* and the proposed Order was mailed, postage prepaid to Mr. Mark Stelmach, Assistant United States Attorneys, 816 Congress Avenue, Suite 1000, Austin, Texas 78701, counsel for Plaintiff/Respondent United States of America; and to Rob Owen, P.O. Box 40428, Austin, Texas 78704, and Robert Gombiner, Assistant Federal Public Defender, 1111 Third Avenue, Suite 1100 Seattle, Washington 98101, counsel for Brandon Bernard.

SUSAN M. OTTO

2-151

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. W-99-CR-70(1)** |
| | § | **CIVIL NO. 04-CV-163** |
| **CHRISTOPHER ANDRE VIALVA.** | § | |

## *APPENDIX*

### *MOTION TO RECONSIDER ORDER DENYING*
### *MOTION TO DISQUALIFY UNITED STATES ATTORNEY'S OFFICE*
### *AND BRIEF IN SUPPORT*

2157



U.S. Department of Justice

MAR 2 2 2004

Office of Information and Privacy

---

Telephone: (202) 514-3642

Washington, D.C. 20530

MAR 16 2004

Susan M. Otto, Esq.
Federal Public Defender
Western District of Oklahoma          Re:   Appeal No. 04-0555
215 Dean A. McGee, Suite 109                Request No. 983693
Oklahoma City, OK  73102                    RLH:ADW:NSQ

Dear Ms. Otto:

     You appealed on behalf of your client, Christopher Andre
Vialva, from the action of the Headquarters Office of the Federal
Bureau of Investigation on his request for access to records
concerning him.

     After carefully considering your appeal, and as a result of
discussions between the FBI and a member of my staff, I have decided
to remand your client's request for further processing of the
responsive records.  Although the FBI properly invoked exemption 7(A)
of the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(A), at the
time your client's initial request was processed, that exemption,
which pertains to records or information compiled for law enforcement
purposes, the release of which could reasonably be expected to
interfere with enforcement proceedings, is no longer applicable to
withhold the records in their entireties.  Consequently, the FBI will
send the releasable portions of these records to you directly.  If
your client is dissatisfied with the FBI's ultimate action on these
records, he may appeal again to this Office.

     If your client is dissatisfied with my action on your appeal,
he may seek judicial review in accordance with 5 U.S.C.
§ 552(a)(4)(B).

                                   Sincerely,

                                   Richard L. Huff
                                   Co-Director

EXHIBIT 1

2158



U.S. Department of Justice



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

SUSAN M OTTO ESQ
OFFICE OF THE FEDERAL DEFENDER
SUITE 524
215 DEAN A. MCGEE
OKLAHOMA CITY, OK 73102

September 28, 2004

Request No.: 0983693- 001
Subject: VIALVA, CHRISTOPHER ANDRE

Dear Ms. Otto:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request for information pertaining to the above subject and to memorialize your conversation with Mrs. Sharon Tucker of my staff on September 17, 2004.

As you were advised telephonically by Mrs. Tucker, the documents in response to your request continue to be protected pursuant to subsection (b)(7)(A) of 5 U.S.C. § 552 with the exception of public source material and non-substantive information. The assertion of exemption (b)(7)(A) is based on Mrs. Tucker's conversation with SA Daniel Chadwick of the San Antonio Office and his conversation with AUSA Mark Frasier. Subsequently, you advised Mrs. Tucker that you were not interested in having this type of material processed since that information was already available to you. Therefore, your FOIPA request is being administratively closed.

You may appeal this denial by writing to the Co-Director, Office of Information and Privacy, United State Department of Justice, Flag Building, Suite 570, Washington, D.C., 20530, within sixty days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

EXHIBIT 2

2159