FILED

MAR 0 1 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA,    §
                             §
v.                           §    CRIMINAL NO. W-99-CR-70(1)
                             §
CHRISTOPHER ANDRE VIALVA.    §

REPLY TO GOVERNMENT'S RESPONSE TO
CHRISTOPHER VIALVA'S COMBINED
MOTION TO GRANT MOTION, SECOND MOTION FOR DISCOVERY
AND BRIEF IN SUPPORT

TO THE HONORABLE COURT

The undersigned counsel for Mr. Vialva wishes to correct a misstatement of the record in the *Motion to Grant Motion, Second Motion for Discovery and Brief in Support* [hereinafter, *Second Motion for Discovery*]. Counsel stated, incorrectly, that the government failed to respond to the initial motion for discovery, filed September 20, 2004. In fact, the government filed a response. Doc. 407. The government's response urged the Court to deny Mr. Vialva's request for discovery as an unwarranted "fishing expedition" that sought disclosure of work product. Doc. 407 at unnumbered page 3. The government also asserted the discovery motion should be denied because Mr. Vialva allegedly failed to present sufficient facts to support further discovery.

Mr. Vialva's *Supplement to Motion for Discovery and Brief in Support* [hereinafter, *Supplement*] provided evidence rebutting the government's arguments. Doc. 410. The additional information established Mr. Vialva's efforts to gain access to source documents through the Freedom of Information Act, which were ultimately thwarted by the direct action of trial counsel for the government. The government has not responded to the information contained in the *Supplement* and has not addressed the substantive impact of that information on the initial discovery request. The

427

2527

significance of this omission is evident in the larger context of the factual development of Mr. Vialva's claims for relief.

Mr. Vialva's initial request for discovery was directed to developing facts relating to specific claims for relief presented in his *§ 2255 Motion*. Each of the claims is tied to a specific Constitutional guarantee, enforced by statute and case law. If Mr. Vialva proves the facts supporting these Constitutional claims, he will be entitled to relief from his convictions, his sentences of death, or both. The initial discovery request sought access to source materials for facts that counsel believe will establish the requisite bases for relief.

In Mr. Vialva's *§ 2255 Motion* and the subsequent *Response*, counsel presented every relevant fact they were able to glean from the files of one of Mr. Vialva's trial counsel, from court records, and from source materials released by one of Mr. Vialva's codefendants. From these sources, it appears available, relevant evidence was not presented by trial counsel to the jury. There are two possible explanations for these omissions: either the information was released by the United States and trial counsel failed to utilize the evidence; or the information was withheld from trial counsel by the United States. If the first variant is proven, then trial counsel failed to provide the effective assistance of counsel guaranteed by the Sixth Amendment. If the latter variant is proven, then the United States violated its affirmative obligations under *Brady v. Maryland*.

The documents Mr. Vialva was attempting to access through his initial discovery motion will prove what happened and, as a result, which basis for relief is warranted. By failing to respond to the *Supplement*, the government conceded the facts contained in the pleading. The facts contained in the *Supplement* established Rule 6 discovery is the only viable mechanism through which Mr. Vialva may develop the facts necessary to this Court's determination of the bases for relief. The

government's concession on this point warrants an order granting discovery of the matters raised in the initial discovery motion.

The government's position with respect to Mr. Vialva's *Second Motion for Discovery* replicates its response to the first motion. Once again, the government conflates the standard for discovery with the standard for entitlement to relief on the merits. Doc. 426, unnumbered page 3. In the face of unrefuted statistical information establishing disparate impact in the enforcement of the federal death penalty, the government relies on prior decisions in which courts have found statistics insufficient. These cases were addressed in Mr. Vialva's *Reply* to the government's response to his *§ 2255 Motion* and in the *Second Motion for Discovery*. *See* Doc. 423 (*Reply*); Doc. 425 (*Second Motion*). The cases cited by the government are distinguishable because the courts never scrutinized the policies and practices of the United States Department of Justice that resulted in the patently racially disproportionate impact of the federal death penalty. The fact that no court has previously required the Department of Justice to permit judicial scrutiny of its practices is not an impediment to this Court's exercise of the authority conferred by Rule 6.

The government's reliance on *United States v. Frank*, 8 F. Supp.2d 253 (S.D. N.Y. 1998) evinces its fundamental misunderstanding of the issue before this Court. *Frank* predated the Department of Justice studies that establish a *prima facie* case of racially disparate impact. Mr. Frank, challenging through a pretrial motion the government's decision to seek the death penalty, did not have the requisite facts to support his request for discovery or relief. The defendant was unable to cite a current death row census that established a pattern of racial disparity in the imposition of the federal death penalty in the federal districts of New York. Mr. Vialva has met the threshold test Mr. Frank was unable to satisfy.

3

2529

Mr. Vialva has established all of the requisite elements of a *prima facie* case of racial disparity. Contrary to the government's assertion, Mr. Vialva is not required to prove he is entitled to relief as a condition precedent to obtaining an order authorizing discovery. *See* Rule 6, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (court may permit the use of discovery processes in this federal post conviction proceeding "for good cause shown"); *Harris v. Nelson*, 394 U.S. 286, 300 (1969) ( "duty of the court to provide the necessary facilities and procedures for an adequate inquiry" when specific allegations provide a reason to believe post conviction petitioner may be entitled to relief if facts are developed fully).

To this point, the government declined to provide this Court any evidence tending to establish a race-neutral explanation for its decision to seek the death penalty in this case. The government offered no evidence in its *Response* to Mr. Vialva's *§ 2255 Motion* and proffered none of its claimed work product for *in camera* inspection by this Court in response to the current request for discovery. Once again, the government has offered nothing other than the bald assertion of counsel that the decision to seek the death penalty was proper. Doc. 426 at unnumbered page 8, n. 2. The information sought in Mr. Vialva's *Second Motion for Discovery* bears directly on the issue raised in Ground X. Both Rule 6 and *Nelson* support Mr. Vialva's request for discovery of the requested information. The position expressed by the government in its response provides no logical or legal basis for denying access to information the government tacitly concedes is readily available.

Based on all of the arguments and authorities presented, Mr. Vialva requests the production of documents, records, and tangible items of evidence as enumerated in his initial and his *Second Motion to Conduct Discovery* and requests permission to utilize the processes of discovery permitted by Rule 6.

Respectfully submitted,

SUSAN M. OTTO   Oklahoma Bar # 6818
Federal Public Defender Western District of Oklahoma
LISA S. McCALMONT  Texas Bar # 24007629 OBA #17096
Assistant Federal Public Defender
Death Penalty Federal Habeas Corpus Division
215 Dean A. McGee   Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405 609-5930 Telefacsimile: 405 609-5932
COUNSEL FOR DEFENDANT/PETITIONER
CHRISTOPHER ANDRE VIALVA


## CERTIFICATE OF SERVICE

I certify that on this 28th day of February, 2005, a true and correct copy of this Second Motion for Discovery and the proposed Order was mailed, postage prepaid to Mr. Mark Stelmach, Assistant United States Attorney, 816 Congress Avenue, Suite 1000, Austin, Texas  78701.


SUSAN M. OTTO

2531