FILED

MAY 0 9 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA,        §
                                 §
v.                               §        CRIMINAL NO. W-99-CR-70(1)
                                 §        CIVIL NO. 04-CV-163
CHRISTOPHER ANDRE VIALVA.        §

## MOTION FOR LEAVE TO AMEND
## AND BRIEF IN SUPPORT

**TO THE HONORABLE COURT:**

Christopher Andre Vialva, by and through the undersigned counsel, submits the following

motion requesting leave to amend his *Motion to Vacate, Set Aside, or Correct Sentence by a Person*

*in Federal Custody Pursuant Title 28, United States Code, Section 2255*, filed June 14, 2004 ( Doc.

372) by adding an additional ground for relief.  A proposed Order granting the relief requested is

submitted in accordance with Rule CV-7(f), Local Court Rules of the United States District Court

for the Western District of Texas.

### *Jurisdiction of the Court*

The United States responded to Mr. Vialva's *§ 2255 Motion* (Doc. 417) and Mr. Vialva

submitted his *Reply* to the United States's response (Doc. 423 ).  Mr. Vialva's *§ 2255 Motion* is

pending.  Rule 12 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES

DISTRICT COURTS provides the Federal Rules of Criminal and Civil Procedure are applicable to "a

proceeding pending under these rules," "to the extent they are not inconsistent with any statutory

provisions of these rules."  Amendment of Mr. Vialva's *§ 2255 Motion* is governed by Federal Rule

of Civil Procedure 15. *See Calderon v. Ashmus*, 523 U.S. 740, 750 (Breyer, J., concurring) (noting

applicability of "Federal Rule of Civil Procedures 15's liberal standard for amendment" to petitions

filed pursuant § 2254 in States not eligible for "opt-in" provisions of Chapter 154 of the Antiterrorism and Effective Death Penalty Act); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) ("Every Circuit that has addressed this issue agrees the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations does not render Rule 15 inapplicable to federal habeas corpus proceedings.").

Rule 15 provides that once a responsive pleading is filed, the party may amend his pleading "only by leave of court or by written consent of the adverse party." Rule 15(a), FED. R. CIV. P.. The undersigned counsel conferred with Assistant United States Attorney Mark Stelmach. Mr. Stelmach advised counsel he was unable to agree to this request. Accordingly, Mr. Vialva is requesting leave of this Court to permit the amendment of his pending *§ 2255 Motion* by adding an additional ground for relief.

### Basis for Request

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Construing this provision, the Supreme Court directed:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). As this *Motion* will demonstrate, none of the negative factors militating against amendment are present in this case and compelling substantive grounds support granting Mr. Vialva leave to amend.

Ordinarily, the movant is required to submit a complete, amended version of the pleading with his request for leave to amend. This provides both the reviewing court and the opposing party

with a full statement of the law and facts presented in the proposed amendment, in the context of the entire pleading. *See* 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1485 (1990); *Roskam Baking Co. v. Lanham Machinery Co.,* 288 F.3d 895, 906 (6th Cir. 2002). Mr. Vialva's original *§ 2255 Motion* enumerated eleven grounds for relief in 173 pages of substantive text. The proposed amendment would add a twelfth ground for relief. Proposed Additional Ground XII states fully the factual and legal bases supporting Mr. Vialva's request for relief. To avoid unduly burdening the record, the undersigned counsel is submitting a copy of proposed Additional Ground XII as Attachment A to this *Motion for Leave to Amend.*

The facts underlying Additional Ground XII are identical to the facts presented in Ground IV, concerning ineffective assistance of trial counsel in the guilt phase of trial, and Ground VII, concerning ineffective assistance of counsel in the penalty phase of trial, on the issue of Mr. Vialva's mental age at the time of the offense. In Ground IV, counsel addressed trial counsel's failure to subject the prosecution's case to adequate adversarial testing on the issue of Mr. Vialva's mental age. In Ground VII, counsel addressed the inadequacy of trial counsel's preparation, which resulted in their failure to develop and present readily available evidence concerning deficiencies in Mr. Vialva's mental and emotion development that impacted his mental age. Mr. Vialva's *§ 2255 Motion* was filed June 14, 2004, within the one year statute of limitations. The United States did not challenge the timeliness of Mr. Vialva's *§ 2255 Motion* in its responsive pleading.

Proposed Additional Ground XII is based on a decision of the United States Supreme Court issued March 1, 2005, *Roper v. Simmons,* 125 S. Ct. 1183. *Simmons* expressly abrogated *Stanford v. Kentucky,* 492 U.S. 361 (1989) (*Simmons,* 125 S. Ct. at 1198) and announced a new rule of law: the Eighth Amendment's prohibition against cruel and unusual punishment bars the imposition of

2545

the death penalty on a person who committed a capital crime when less than eighteen years old (*Id.* at 1200). A state capital habeas petitioner has been granted leave to amend his petition for purposes of raising a claim based on the new substantive rule announced in *Simmons*. *Moreno v. Dretke*, No. CIV.SA-00-CA-1058-XR, 2005 WL 745516 at *25 (W.D. Tex. Mar. 17, 2005); *see also Baez Arroyo v. Dretke*, No. CIV.SA-01-CA-0976, 2005 WL 705339 at * 16-17 (W.D. Tex. Mar. 29, 2005) (*Simmons* applied as dispositive substantive rule to state capital habeas petitioner's claim that imposition of the death penalty was unconstitutional.).

The district court's decision to permit the amendment is consistent with the purpose of Rule 15. Rule 15(c)(2) provides that an amendment relates back to the date of the original pleading if:

> [T]he claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

Mr. Vialva's proposed Ground XII arises out of the same "conduct, transaction, or occurrence" addressed in Grounds IV and VII. Mr. Vialva's chronological age was presented to the jury during the penalty phase as an ineffectively developed and inadequately presented mitigating factor. Mr. Vialva's mental age was omitted from the first stage defense through the ineffectiveness of trial counsel. In proposed Additional Ground XII, Mr. Vialva will present a substantive claim of error based on these facts, in light of *Simmons*.

The United States has been on notice of Mr. Vialva's youth since his arrest. The United States derided the second stage presentation during its closing argument. The issue of Mr. Vialva's youth, and trial counsel's failure to properly investigate, prepare, and present a coherent defense raising the effects of Mr. Vialva's youth, are presented in the original *§ 2255 Motion*. The United States cannot legitimately claim surprise or disadvantage arising from an amendment raising a

2546

substantive claim based on these facts.  Granting Mr. Vialva leave to amend his *§ 2255 Motion* by adding Ground XII is consistent with the provisions and purpose of Rule 15.  *See Felix v. Mayle*, 379 F.3d 612, 615 (9th Cir. 2004), *cert. granted* 125 S. Ct. 824 (2005) ("A new 'claim' will nearly always rest on a legal theory, and often on a subset of facts within the larger transaction or occurrence, that differs from those underlying the claim asserted by the original pleading. . . .  But if such differences are sufficient to prevent relation back under Rule 15(c)(2), that provision of the Rule will be rendered virtually meaningless in the habeas context."); *Ellzey v. United States*, 324 F.3d 521, 526 (7th Cir. 2003) ("But Rule 15(c) does not refer to a 'claim'; it uses the broader phrase 'conduct, transaction, or occurrence'—which is to say, the events under analysis, *not* the legal themes deployed in the analysis." (emphasis in original)).

*Simmons* represents a significant new substantive rule governing the imposition of the death penalty in the United States.  In the course of defining the categorical rule, the *Simmons* Court engaged in an analysis of the Eighth Amendment implications of imposing the death penalty on a discrete group of offenders.  This analysis was predicated on the Court's recognition that mental age, like mental acuity, is inextricably joined to the accused's moral culpability.  The inexorable conclusion from *Simmons* is that mental age is a critical component in determining the Constitutionality of the death penalty in this case.  Mr. Vialva's proposed Additional Ground XII addresses directly the consequence of the Supreme Court's analysis to his death sentence.  *Simmons* is relevant to the determination of the Constitutionality of the death penalty under the facts of this case.  Amendment will permit Mr. Vialva the opportunity to present this claim for this Court's consideration and to preserve the issue for further review, if necessary.

### *Conclusion*

The factors identified in *Foman* support granting Mr. Vialva leave to amend his *§ 2255 Motion*. Mr. Vialva has presented this request in a timely manner, without undue delay. There is no prejudice to the United States since the core of this issue, Mr. Vialva's youth, has been known and addressed by the United States from the initial criminal complaint, continuing through the litigation. This is Mr. Vialva's first request for leave to amend and no deficiencies in the initial pleading have been raised by the United States. Inclusion of this issue is not futile. The claim clearly relates back to the two issues presented in Mr. Vialva's timely filed *§ 2255 Motion* and is not time-barred. *Simmons* provides clear structural and analytical support for the conclusion the Eighth Amendment prohibits the imposition of the death penalty under the facts of this case.

On the basis of the foregoing arguments and authorities, counsel for Mr. Vialva respectfully requests leave to file the appended Additional Ground XII as an amendment to the timely filed *§ 2255 Motion*. Counsel requests leave to submit Additional Ground XII and to incorporate by reference all of the facts, arguments, and authorities presented in Mr. Vialva's initial *§ 2255 Motion*.

Respectfully submitted,

SUSAN M. OTTO  Oklahoma Bar No. 6818
Federal Public Defender Western District of Oklahoma
LISA S. McCALMONT
Texas Bar No. 24007629   Oklahoma Bar No. 17096
Assistant Federal Public Defender
Death Penalty Federal Habeas Corpus Division
215 Dean A. McGee, Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405 609-5930 Telefacsimile: 405 609-5932
**COUNSEL FOR DEFENDANT/MOVANT
CHRISTOPHER ANDRE VIALVA**

2548

## CERTIFICATE OF SERVICE

I certify on the 6th day of May 2005, a true and correct copy of the foregoing *Motion for Leave to Amend with Brief in Support* and a copy of the proposed *Order* were mailed, postage prepaid to: Mr. Mark Stelmach, Assistant United States Attorney, 816 Congress Avenue, Suite 1000, Austin, Texas 78701, Counsel for Respondent; and to Mr. Rob Owen, Law Offices of Owen & Rountree, L.L.P., P.O. Box 40428, Austin, Texas 78704; and Mr. Robert Gombiner, Assistant Federal Public Defender, 1111 Third Avenue Suite 1100, Seattle, Washington 98101, Counsel for Brandon Bernard.

SUSAN M. OTTO

2549