FILED

MAY 19 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA    )
    )
v.    )    CRIMINAL NO. W-99-CR-70(1)
    )
CHRISTOPHER ANDRE VIALVA    )

GOVERNMENT'S RESPONSE TO MOVANT VIALVA'S
"MOTION FOR LEAVE TO AMEND AND BRIEF IN SUPPORT," AND
"MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY
AND BRIEF IN SUPPORT"

TO THE HONORABLE COURT:

**Overview**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and responds to § 2255 Movant CHRISTOPHER ANDRE VIALVA'S "Motion For Leave To Amend And Brief In Support," and "Motion For Leave To File Supplemental Authority And Brief In Support," filed in Clerk's Office on May 9, 2005 (containing the proposed amendments to the 2255 motion) (with "entry dates" of May 10) (Documents 428 & 429). The impetus for the proposed amended grounds purportedly is the Supreme Court's March 1, 2005, decision in *Roper v. Simmons*, __ U.S. –, 125 S.Ct. 1183 (2005), holding that the Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed. *Id.* at 1200. Vialva, however was over the age of 19 when he committed the offenses of conviction. Vialva's proposed ground is that counsel was prejudicially ineffective by failing to anticipate the Supreme Court's decision, and further for failing to argue for an extension

430

2550

of the rule to prohibit the execution of offenders with a "mental age" of less than eighteen, and to lay the appropriate factual groundwork for this argument.

## Procedural Ramifications Of The Motion

Vialva has filed the instant motion pursuant to Federal Rule of Civil Procedure 15(a). The significance of the procedure is that leave of court for amendment must be granted in order for that claim to "relate back" to the original section 2255 motion, and thus avoid the ADEPA's one year period of limitations.

According to Rule 15(c) an amended claim relates back to the date of the original pleading where the claim asserted in the amended pleading "arose out of the conduct, transaction or occurrence set forth . . . in the original pleading." Vialva is correct that the authorities provide that Rule 15 applies in section 2255 proceedings. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (citing cases).

One of the cases cited in *Saenz* (and by Movant) is *United States v. Thomas*, 221 F.3d 430, 435-36 (3rd Cir. 2000), where the court explained that under Rule 15, the district court, in its discretion, may permit an amendment to a section 2255 petition "to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief."

Although the rule provides that leave should be ""given freely," and there are cases, as Vialva has cited, that allow amendment under Rule 15, other cases have denied amendment. For example, in *United States v. Pitman*, 209 F.3d 314, 317 (4th Cir. 2000), the

court applied Rule 15(c)(2) in affirming denial of permission to amend because the proposed amendment arose from a separate occurrence. And in *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999), the court also applied Rule 15(c)(2) in affirming denial of permission to amend because the proposed claim was "distinctly separate" from the claims already pled.

As stated in the instant motion to amend, in the original section 2255 motion, Vialva asserts that he argued that his counsel was constitutionally ineffective because they failed, in his eyes, to effectively pursue: the issue of Vialva's "mental age" ("Ground IV"); and (2) to effectively prepare evidence "concerning deficiencies in Mr. Vialva's mental and emotional development that impacted his mental age" (Motion at 3).

Vialva further argues that his proposed Ground XII, the ground he seeks leave to add by the motion to amend, "is based on a decision of the United States Supreme Court issued March 1, 2005, *Roper v. Simmons* . . . announc[ing] a new rule of law: the Eighth Amendment's prohibition against cruel and unusual punishment bars the imposition of the death penalty on a person who committed a capital crime when less than eighteen years old" (Motion at 3-4 (citing *Roper*)).

Vialva's next step of attempting linkage with *Roper* requires some slight of hand. In *Roper*, the Supreme Court established a bright-line test, that the death penalty could not be imposed on a person whose chronological age was less than eighteen when he committed the offense. Vialva, however, acknowledges that his age was nineteen years and 41 days on the day of the offenses. Thus, instead of a direct application of *Roper*, which would not be

255

possible, Vialva argues that because mental age, emotional development, maturity and other factors were used in establishing *Roper's* bright-line chronological-age test, he speculates that someday there may be the same type of "mental age" bright-line rule (applied at both the guilt and penalty stages), and that he might have been within such a possible rule at the time of the offenses.

Thus, Ground XII, the claim Vialva seeks to add, is that in May of 2000, his trial counsel was constitutionally ineffective for failing to anticipate *Roper's* chronological-age rule established in 2005, and further, for failing to anticipate that someday there may be a radical extension of that rule to embrace a similar bright-line mental-age test, for which they should have laid the necessary factual groundwork.

Again, the test for amendment and relation back under Rule 15 is whether the claim asserted in the amended pleading "arose out of the conduct, transaction or occurrence set forth . . . in the original pleading," and whether the claim is "entirely new," or "distinctly separate" from the other claims. Vialva's proposed amended ground appears to rest on what could be found to be some new, and distinctly different facts and circumstances.

### *Moreno's* Application Of *Roper*

Vialva is correct that some courts have taken the approach of allowing an amended ground based on *Roper*, and then denying relief on this ground in adjudicating the entire habeas motion. In *Moreno v. Dretke*, 362 F.Supp.2d 773, 812-13 (W.D. Texas 2005), the Petitioner filed a motion for leave to file a supplemental claim to his section 2245 petition based on the Supreme Court's recent decision in *Roper*. *Id.* Judge Rodriguez of the district

2553

court granted the motion, and then denied relief on this ground within the memorandum opinion denying section 2254 relief. *Id.*

In *Moreno*, Petitioner argued in his supplemental claim that although he was over the age of eighteen when he committed the murder, "the *mens rea* to commit the murder was formed when he was seventeen years of age." *Id.* Petitioner further argued that *Roper's* prohibition on the execution of juvenile offenders should apply to him as well. *Id.* The district court strongly disagreed. *Id.* The court recounted that the Supreme Court had explained in *Roper* that despite the difficulties of drawing a categorical rule, "a line must be drawn," and that line should be "the point where society draws the line for many purposes between childhood and adulthood," at eighteen years of age. *Id.* (quoting *Roper*). The district court determined that accepting Petitioner's argument to extend *Roper* "would eviscerate the bright line drawn by the Supreme Court." *Id.*

### Conclusion

Vialva seeks to add an additional ground of alleged ineffective assistance of counsel based on *Roper*. The government is not asserting that there would be prejudice in its ability to answer the amended grounds. However, the test for amendment and relation back under Rule 15 is whether the claim asserted in the amended pleading "arose out of the conduct, transaction or occurrence set forth . . . in the original pleading," and whether the claim is "entirely new," or "distinctly separate" from the other claims. Ground XII, the claim Vialva seeks to add, is that in May of 2000, his trial counsel was constitutionally ineffective for failing to anticipate *Roper's* chronological-age rule established in 2005, and further, for

255

failing to anticipate that someday there may be a radical extension of that rule to embrace a similar bright-line mental-age test. In this Court's discretion, denial of the amendment could be based on the amended ground's resting on new, and distinctly different facts and circumstances. Additionally, this proposed, highly-speculative ground, on its face, is entirely without merit, and would eviscerate the bright line drawn by the Supreme Court. A case could be made for "futility of amendment." On the other hand, the approach taken in *Moreno*, of allowing an amended ground based on *Roper*, and then denying relief on this ground in adjudicating the entire section 2255 motion, may be the most appropriate.

### Supplemental Authority

Vialva also has filed a motion seeking to apply the supplemental authority of *Roper* to the grounds he previously raised in his original section 2255 motion. As discussed above, the holding in *Roper*, that the Eighth Amendment forbids imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed, simply is not applicable to Vialva, who was over the age of 19 when he committed the offenses of conviction. The proposed supplemental authority is irrelevant to Vialva's case.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: _____
Mark R. Stelmach
Assistant U.S. Attorney
Appellate Section
816 Congress Avenue, Suite 1000
Austin, Texas 78701
512 916-5858 (fax 512 916-5854)
Pennsylvania State Bar No. 28964

255

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Government's Response has been sent by regular

mail on this the 19th day of May, 2005, to:

Attorneys for Defendant/Movant Christopher Andre Vialva
Susan M. Otto
Federal Public Defender
Lisa S. McCalmont
Assistant Public Defender
215 Dean A. McGee Avenue, Suite 109
Oklahoma City, Oklahoma 73102

Attorneys for Defendant/Movant Brandon Bernard
Robert C. Owen
Owen & Roundtree, L.L.P.
P.O. Box 40428 Austin, Texas 78704

Robert H. Gombiner
Federal Public Defender
1601 Fifth Avenue, Ste. 700
Seattle, Washington 98101

Mark R. Stelmach
Assistant U.S. Attorney

2556