IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED

MAY 27 2005

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. W-99-CR-70(1) |
| | § | CIVIL NO. 04-CV-163 |
| CHRISTOPHER ANDRE VIALVA. | § | |

**REPLY TO GOVERNMENT'S RESPONSE TO CHRISTOPHER VIAVLA'S
MOTIONS FOR LEAVE TO AMEND AND BRIEF IN SUPPORT
AND FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND
BRIEF IN SUPPORT**

**TO THE HONORABLE COURT:**

The United States filed a consolidated response to two motions filed by Christopher Andre

Vialva, by and through the undersigned counsel. The following *Reply* is submitted, in conformity

with Western District of Texas Local Rule CV-7(e). For brevity and ease of reference, the United

States's response, filed as Document 430, will be referenced as *Government's Response*.

***Motion for Leave to Amend***

The parties agree Rule 15, FED. R. CIV. P., is applicable to the proposed amendment. The

parties also agree Rule 15(a) directs that leave to file an amendment "shall be freely given when

justice so requires." Without citing or otherwise referring to *Foman v. Davis*, 371 U.S. 178 (1962),

the United States addressed some of the factors identified by the Court as relevant to a court's

analysis of a proposed amendment pursuant Rule 15(a). Each of these factors support granting Mr.

Vialva's request for leave to amend. The United States tacitly admitted Mr. Vialva has not engaged

in undue delay, or evinced a dilatory motive, or repeatedly failed to correct deficiencies in prior

amendments. The United States conceded it would not be prejudiced in its ability to respond to

Supplemental Ground XII. *Government's Response*, unnumbered page 5. The United States

431

255

suggested "a case could be made for 'futility of amendment,'" but also recognized *Moreno v. Dretke*, 362 F. Supp.2d 773 (W.D. Tex. 2005), as authority for the relief requested by Mr. Vialva. *See Government's Response*, unnumbered page 6. The United States's "case" for futility of the amendment is confused and unsound.

*Foman* recognized "futility of [the] amendment" was a factor the court might consider in determining whether "justice so requires" leave to amend a pleading pursuant Rule 15(a). *Foman*, 371 U.S. at 182. *Foman* did not define "futility" for purposes of Rule 15(a), but the most obvious example would arise if the proposed claim were barred by a statute of limitations. Rule 15(c), FED. R. CIV. P., addresses this consideration and provides an amendment will "relate back to the original date of the pleading," avoiding a statute of limitations bar, under certain conditions. A precondition for the "relation back" of an amendment is that the underlying pleading must have been timely filed. The United States has never challenged the timeliness of Mr. Vialva's *§ 2255 Motion*. Thus, if the claim for relief presented in Supplemental Ground XII "arose out of the conduct, transaction, or occurrence" addressed in Mr. Vialva's *§ 2255 Motion*, the amendment will relate back to the initial pleading. The statute of limitations applicable to § 2255 motions would not bar consideration of the claim and the amendment of the motion would not be futile.

The United States characterized Supplemental Ground XII as an additional claim of ineffective assistance of trial counsel, in an apparent effort to bring the amendment within the ambit of *United States v. Pitman*, 209 F.3d 314 (4th Cir. 2000). *See Government's Response*, unnumbered pages 2-3. The United States's misapprehension of Mr. Vialva's claim is apparent from the face of the proposed Supplemental Ground XII.

Supplemental Ground XII presents a substantive challenge to the Constitutionality of the

imposition of the death penalty on Mr. Vialva. The legal support for this substantive Constitutional claim is *Roper v. Simmons*, 125 S. Ct. 1183 (2005), which was decided after Mr. Vialva's *§ 2255 Motion* and the United States's *Reply* were filed. The factual basis for the claim arose directly from the trial record and the extra-record facts developed by counsel during these post-conviction proceedings. The United States had notice of the core fact of Mr. Vialva's chronological age from the inception of its prosecution and of the specific facts concerning Mr. Vialva's mental age at the time of the offense through the two ineffective assistance of trial counsel claims presented in Mr. Vialva's *§ 2255 Motion*. Most significantly, the United States has not claimed unfair surprise or prejudice would result if the amendment were permitted. Granting Mr. Vialva's leave to amend his *§ 2255 Motion* to permit the inclusion of this new claim is entirely consistent with the function and purpose of Rule 15. *See* JAMES W. MOORE, MOORE'S FEDERAL PRACTICE § 15.19[1] (3d ed. 2005) ("The rationale of allowing an amendment to relate back is that once a party is notified of litigation involving a specific factual occurrence, the party has received all the notice and protection that the statute of limitations requires. Courts should freely grant leave to amend under Rule 15 to effectuate the purposes of the Rules."); *and id.* at § 15.19[2] (factors for determining whether claim arose out of same conduct, transaction, or occurrence include: "Whether the defendant had notice of the claim that the plaintiff is now asserting. Whether the plaintiff will rely on the same kind of evidence offered in the support of the original claim to prove the new claim. Whether unfair surprise to the defendant would result if the court allowed the amendment to relate back.").

Contrary to the United States's assertion, there is no "sleight of hand" involved in the claim Mr. Vialva is requesting leave to present. *See Government's Response*, unnumbered page 3. The decision in *Simmons* unequivocally recognizes the Eighth Amendment implications of executing

defendants who, solely by virtue of their age, are not held to the standards of culpability applicable to adult offenders. *See Simmons*, 125 S. Ct. at 1183. The Court recognized the "bright-line" test of chronological age left unanswered the problem presented by a defendant who, by virtue of his mental age, lacks the mental and emotional capacity to exercise adult judgment. *Id.* at 1197. No "radical extension" of *Simmons* is required to apply its reasoning to this case. In fact, the contrary is true.

A similar moment in the evolution of Constitutional law arose when the Court decided *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Although the federal sentencing guidelines were expressly excluded from the scope of *Blakely* (124 S. Ct. at 2538, n. 9), the subsequent determination that mandatory sentencing guidelines violated the Constitution was the inevitable result of *Blakely*. *See id.* at 2543 (O'Connor, J., dissenting); *United States v. Booker*, 125 S. Ct. 738, 746 (2005); *and compare United States v. Booker*, 375 F.3d 508, 513 (7th Cir. 2004), *aff'd. and remanded,* 125 S. Ct. 738 (2005) *with United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), *vacated and remanded,* 125 U.S. 1003 (2005). It is equally inevitable from *Simmons* that the Eighth Amendment prohibits the execution of Christopher Vialva who, by virtue of his chronological age, had not reached biological maturity, and whose mental age, by virtue of impaired development, had not attained full emotional and mental capacity at the time of the offense.

Supplemental Ground XII presents a viable claim for relief, supported by new Supreme Court authority. The facts supporting this claim begin in the trial record and continue through the post-conviction factual development and two arguments presented in the initial *§ 2255 Motion*. The United States has identified no legal or factual basis cognizable under the Federal Rules of Civil Procedure or the  controlling judicial authority from this Circuit that support denying Mr. Vialva leave to file this amendment. The Supreme Court's caution against the elevation of form over

2566

substance is especially apt in light of the consequences in this litigation:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.

*Foman*, 371 U.S. at 181. Counsel for Mr. Vialva respectfully request leave to amend the timely filed *§ 2255 Motion* by filing Supplemental Ground XII as an additional claim for relief.

### *Motion for Leave to File Supplemental Authority*

The United States did not object to Mr. Vialva's request for leave to file the *Supplemental Authority* directed to the ineffective assistance of counsel claims presented in Grounds IV and VII of his *§ 2255 Motion*. The United States did not cite a rule of procedure or practice, or case authority that would prohibit either the requested filing or this Court's consideration of authority in determining the merits of the claims. The United States simply contends *Simmons* is irrelevant. *Government's Response*, unnumbered page 6. The United States's attempt at preemptive advocacy on this point offers no basis to deny Mr. Vialva's request for leave to file the *Supplemental Authority*. Counsel for Mr. Vialva respectfully request leave to file the *Supplemental Authority*, as previously tendered.

Respectfully submitted,

SUSAN M. OTTO  Oklahoma Bar No. 6818
Federal Public Defender Western District of Oklahoma
LISA S. McCALMONT
Texas Bar No. 24007629   Oklahoma Bar No. 17096
Assistant Federal Public Defender
Death Penalty Federal Habeas Corpus Division
215 Dean A. McGee, Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405 609-5930 Telefacsimile: 405 609-5932
COUNSEL FOR CHRISTOPHER ANDRE VIALVA

256

## CERTIFICATE OF SERVICE

I certify on the 26th day of May 2005, a true and correct copy of the foregoing *Reply to Government's Response to Christopher Viavla's Motions for Leave to Amend and Brief in Support and for Leave to File Supplemental Authority and Brief in Support* was mailed, postage prepaid to: Mr. Mark Stelmach, Assistant United States Attorney, 816 Congress Avenue, Suite 1000, Austin, Texas 78701, Counsel for Respondent; and to Mr. Rob Owen, Law Offices of Owen & Rountree, L.L.P., P.O. Box 40428, Austin, Texas 78704; and Mr. Robert Gombiner, Assistant Federal Public Defender, 1111 Third Avenue Suite 1100, Seattle, Washington 98101, Counsel for Brandon Bernard.

SUSAN M. OTTO