IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ANDRE VIALVA | § | |
| Movant | § | Civil No. W-04-CV-163 |
| | § | |
| v. | § | Criminal No. W-99-CR-070 (1) |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Plaintiff-Respondent | § | |

## RESPONSE TO MOTION TO RECONSIDER DENIAL OF MOTION FOR DISCOVERY AND OF MOTION FOR EVIDENTIARY HEARING AND BRIEF IN SUPPORT

Plaintiff-Respondent, the United States of America, opposes Christopher Vialva's ("Vialva") motion for the following reasons.

### Vialva Does Not State The Basis For His Motions

Vialva has filed a "Motion To Alter Or Amend Judgment And Brief In Support" which asserts Federal Rule of Civil Procedure 59(e) as the basis for the motion. The government has filed a separate response to this motion.

Vialva also has filed the instant "Motion To Reconsider Denial Of Motion For Discovery And Of Motion For Evidentiary Hearing And Brief In Support." As to this motion, Vialva does not state a basis.

Because Vialva is seeking the judgment to be vacated as a result of this motion, it is perhaps within the same ambit as his specified Rule 59(e) motion.

**Response in Opposition to Vialva's Motion - Page 1**

### Rule 59(e) Motions

As discussed in the government's response to Vialva's Motion To Alter Or Amend Judgment, the Fifth Circuit has explained that "[a] Rule 59(e) motion calls into question the correctness of a judgment." *Id.* at 478 *Templet v. Hydrochem, Inc.*, 67 F.3d 473 (5th Cir. 2004) (citation omitted). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) serves the narrow purpose of allowing a party to correct **manifest errors of law or fact** or to present newly discovered evidence." *Id.* at 479 (emphasis added) (citation, internal quotation marks and brackets omitted). Further, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (emphasis added) (citing, *inter alia*, 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)).

A "manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Matosky v. Manning*, 428 Fed.Appx. 293 (5th Cir. 2011) (unpublished) (brackets and internal quotation marks omitted) (citing *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004); Black's Law Dictionary 563 (7th Cir. ed. 1999)).[1]

---

1. Other courts have defined "manifest error" as: "a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Hickory Farms, Inc. v. Snackmaster, Inc.*, 509 F.Supp.2d 716, 719 (N.D.Ill. 2007) (citing *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); and "manifest" as "clearly apparent or obvious." *Ammex, Inc. v. United States*, 52 Fed.Cl. 555, 557

### Rule 59(e) Is Not An Appropriate Vehicle
### For Vialva's Assertions Which Rehash
### His Prior Section 2255 Arguments

As noted above, Vialva's motion does not cite to a rule as a basis. Because he seeks to alter or amend the judgment this motion appears to also be based on Rule 59(e).[2] Vialva's original section 2255 motion, as well as other motions, sought discovery and evidentiary hearings. Thus, this motion merely reasserts grounds that were previously raised and rejected by this Court in its Order of September 28, 2012 (Doc. 449). Because Vialva's motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, Vialva does not raise newly discovered evidence or new controlling authority, and Vialva has not raised a manifest error or extraordinary circumstances which justify relief, this motion also should be denied. Considering all of his grounds individually and collectively, they are without merit.[3]

(2002).

[2]  In his motion, Vialva's legal team never asserts that the motion is being made on the basis of Federal Rule of Civil Procedure 60. Rule 60 is not mentioned in the motion, and the motion cannot be said to embrace Rule 60. Nevertheless, the Tenth Circuit has held that failure to hold a hearing is not within the ambit of Rule 60. *In re Lindsey*, 582 F.3d 1173 (10th Cir. 2009). A pending case in the Fifth Circuit, may address this issue. *United States v. Hernandes*, No. 11-50669.

[3]  To the extent Vialva's motion is a successive section 2255 motion it is barred. 28 U.S.C. § 2255(h).

**Response in Opposition to Vialva's Motion - Page 3**

**Section 2255 Standards**

Under Rule 6 of the Rules Governing Section 2255 Proceedings, "for good cause," the district court may authorize a party to conduct discovery.

A district court shall grant a hearing "unless the motion and files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**Denial Of Discovery And Evidentiary Hearing**

<u>Vialva's Claims Are Without Merit</u>

Vialva asserts that this Court erred in denying discovery and an evidentiary hearing. Vialva faults this Court for using the lack of sufficient supporting facts in denying his claims for relief (citing this Court's adjudication of specific claims) (Motion at 7 and n.9) (citing this Court's Order at 34, 43-44, 45, 47-48, and 59). These claims are without merit. This Court considered Vialva's affidavits and submissions. This Court found that neither *Strickland* prong had been met as to Vialva's claims.

The first claim Vialva cites is to his contention of a conflict of interest as to Attorney Goains. As discussed in this Court's Order, the fully disclosed prospect of future employment did not create an actual conflict, Goains never actively represented conflicting interests, there was a valid waiver, and Goains had no "failures" that resulted in prejudice (Order at 32-35). Vialva has not shown that discovery or a hearing would be appropriate.

Nor was discovery or a hearing necessary as to the lack of mental health experts at the guilt phase regarding the issues of premeditation and substantial planning. A considerable

period of time passed between Vialva's decision to kill the Bagleys and their execution. As this Court found: "Vialva was able to control his impulses long enough to carjack the Bagleys, take their valuables, obtain his ID, attempt to pawn their valuables, and carry out their execution" (Order at 44).

As to the amount of preparation time, statistics were offered that less time than the average was spent on this capital case (Order at 45). Counsel's alleged deficiencies were individually analyzed by this Court. Vialva has not shown that discovery or a hearing would further assist in resolving this issue. As this Court found, Vialva cannot show either a deficient performance or the second *Strickland* requirement of a different outcome.

As to the cross-examination of Brown, this issue was thoroughly analyzed by this Court (Order at 46-48). Defense counsel were able to establish "that he had made numerous inconsistent statements" (Order at 46). Numerous other points made against Brown's testimony in their "rigorous" cross-examination were outlined by this Court (Order at 46-47, 49). Even assuming, as postulated by Vialva, that the additional points could have been made, that would not establish defective assistance or prejudice.

Finally, as to the conduct of the punishment phase, discussed in this Court's Order at 54-59, and below, Vialva has not shown that discovery or a hearing would further assist in resolving this issue. The record conclusively established that he is entitled to no relief as to any of his claims.

**Response in Opposition to Vialva's Motion - Page 5**

Non-Necessity Of Evidentiary Hearing

The capital case of *United States v. Hall*, 455 F.3d 508 (5th Cir. 2006), *cert. denied*, 548 U.S. 1343 (2007), is highly instructive for purposes of Vialva's assertion of error as to a lack of a hearing as to his section 2255 grounds. In *Hall*, the defendant made numerous section 2255 claims to the district court, which included: that there had been multiple instances of ineffective assistance of counsel; that there had been an extraneous influence on the jury[4]; that his indictment had been incomplete; that there had been prosecutorial misconduct by concealment of evidence and toleration of perjury; that there had been selective prosecution; and other claims. *Id.* at 520-24.

In *Hall*, the district court denied discovery motions and granted a hearing **only** as to the claim that there had been an extraneous influence on the jury. *Id.* at 512, 514. The Fifth Circuit held that no reasonable jurist could debate the district court's refusal to consider for evidentiary hearing the other grounds, including the ineffective assistance grounds. *Id* at 520.

One of Hall's ineffective assistance grounds, the "centerpiece" of his claims, was an alleged failure to conduct an objectively reasonable investigation into Hall's family background. During Hall's trial, at the penalty phase, in support of the claim that he experienced an upbringing that militated against the imposition of the death penalty, Hall's

---

[4]  The extraneous influence claim was based on a contact by a juror with the victim's mother, based on letters allegedly written by the juror to Hall in prison at the conclusion of the trial, and a juror attending an event in which prayers were offered for Hall's victim. *Id.* at 521.

**Response in Opposition to Vialva's Motion - Page 6**

counsel offered only the testimony of two of his family members, his mother and his sister. *Id*. at 516 and n.5.  Additionally, this testimony indicated that Hall was not himself the object of his father's abuse and that, throughout his childhood, he attended school and church and was properly housed, fed, and clothed. *Id.*

In his section 2255 motion, however, Hall asserted that his upbringing was more difficult than what had been presented at trial, in that he alleged he was beaten with belts and switches by both of his parents, but particularly his father, as a form of discipline, and he argued that his trial counsel's failure to present evidence of this alleged abuse occurred because of an inadequate investigation which substantially prejudiced his defense at sentencing, constituting ineffective assistance of counsel. *Id.* at 516. In support of this argument, Hall submitted detailed declarations from family members and assorted experts. *Id.*

As to the ineffectiveness claim that Hall's trial counsel's investigation was unreasonable, the Fifth Circuit found that, although Hall's post-conviction experts had attacked some of the strategic and tactical decisions of counsel, no serious factual questions had been raised as to the reasonableness of the investigation. *Id.* at 517.[5]  Because counsel had performed a reasonable and substantial investigation, the Fifth Circuit determined that the district court's conclusion, without conducting a hearing on this subject, that counsel did

---

[5]  The Fifth Circuit noted that there were affidavits that defense counsel was aware that Hall had received abuse by his parents, but the Court concluded that despite reasonable efforts to elicit that testimony from family witnesses, counsel was unsuccessful. *Id.* at 518-19. Nevertheless, the Court agreed with the district court that counsel had performed reasonably.

**Response in Opposition to Vialva's Motion - Page 7**

not provide ineffective assistance, was correct. *Id.* at 519-20.

Additionally, the Fifth Circuit found no error with the district court's determination of no ineffective assistance of counsel, without a hearing on these subjects, as to claims that Hall's trial counsel was constitutionally ineffective for: first, his trial counsel's failing to adequately prepare for and cross-examine Larry Nichols, a former cellmate of Hall's; second, his trial counsel's failing to obtain an opportunity for allocution for Hall; third, his trial counsel's failing to effectively argue several motions for a continuance; fourth, his trial counsel's failing to effectively conduct voir dire; fifth, his trial counsel's failing to present an effective closing argument; and sixth, his trial counsel's failing to present adequate evidence of Hall's good conduct during his past incarceration. *Id.* at 520.

The Fifth Circuit explained that "[t]hese arguments each essentially come down to a matter of degrees, and we have held in the past that these sorts of questions are even less susceptible to judicial second-guessing than most ineffective assistance of counsel arguments. *Id.* (citations, internal quotation marks, and brackets omitted).

Similarly, in *Tucker v. Johnson*, 242 F.3d 617 (5th Cir.), *cert. denied*, 533 U.S. 972 (2001), Tucker argued that his counsel should have put on a stronger case in mitigation of the death penalty. *Id.* at 622-23. The Fifth Circuit determined, however, "that although counsel could have presented additional mitigating evidence, the evidence before the jury illustrated the bleakness of Tucker's home life. Indeed, a reading of the cold trial record demonstrates Tucker was raised in an environment of rejection and neglect." *Id.* Although

**Response in Opposition to Vialva's Motion - Page 8**

Tucker in his post-conviction submissions presented additional mitigating evidence, including evidence of physical and sexual abuse, the Fifth Circuit found that the evidence at trial adequately conveyed that Tucker's home life had been intolerable. *Id.* The Fifth Circuit made the further observation that the new evidence of Tucker's psychological damage could also have been aggravating instead of mitigating. *Id.*

> There Was No Error In The Lack of An Evidentiary hearing
> As To the Mitigation Ineffective Assistance Claims
> And The Other Ineffective Assistance Claims

In the instant case, Vialva's counsel's presentation was much more thorough than counsel's presentation in *Hall,* where only Hall's mother and sister testified.  As this Court detailedly discussed in its Order, at the punishment phase, Dr. Cunningham referred to Vialva's educational records, psychological records, medical records, juvenile and adult offense records, and other records (Tr. 2968). He discussed Vialva's violent home life, his ADHD, characterized as a mild brain disorder, and his treatment problems (Order at 57). He presented statistical models to counter the government's testimony regarding future dangerousness. He presented a violence risk assessment as well as a summary of adverse developmental experiences and factors that interfered and damaged Vialva's development (TR. 2969).  Also discussed were Vialva's "psychological disorders," head injuries, "and disrupted attachments damaging his ability to bond with others and value other people" (Order at 57). As this Court found, Dr. Cunningham "presented strong evidence of Vialva's physical problems and chaotic and abusive home life" (Order at 58).

**Response in Opposition to Vialva's Motion - Page 9**

Additionally, Vialva's counsel presented evidence which included: next-door neighbor Cedrick Young, Vialva's step-father, and Vialva's mother, who "gave a detailed description of their chaotic home life and her history of being abused by Vialva's father," and the abuse both Vialva's mother and Vialva suffered at the hands of her first husband (Order at 56). Essentially, considering all of his affidavits and submissions, Vialva is arguing that counsel's investigation and presentation could have been better by a matter of degrees. Here, although counsel could have presented additional mitigating evidence, the evidence before the jury adequately illustrated the abuse and bleakness of Vialva's home life, as well as his psychological problems.[6]

Vialva also asserts that defense counsel should not have been wary of asserting that Vialva had Antisocial Personality Disorder, as this would be an unlikely diagnosis (Motion at 12-13). Vialva's counsel, however, adequately related that Vialva had psychological disorders. The fact that different experts could attach different labels to his problems is, again, a matter of degree. Based on the record as well as considering Vialva's post-conviction submissions, Vialva has failed to show any serious question as to whether his

---

[6] Vialva cites to *Sinisterra v. United States*, 600 F.3d 900, 907 (8th Cir. 2010), where Sinisterra's § 2255 motion set forth facts pertaining to his life in Colombia, including rape, physical and sexual abuse, homelessness, privation, and head injuries which his counsel failed to present at trial. The circuit court remanded the case for a hearing to determine if counsel exercised reasonable professional judgment in refraining from presenting information of which he had knowledge and whether the mitigation investigation was constitutionally deficient. *Id.* Here, there was no such total failure, and the record conclusively shows that counsel's presentation was not constitutionally deficient.

counsel was ineffective.[7]

Further, as this Court noted, other evidence of Vialva's psychological damage could also have been aggravating instead of mitigating. There was no error, or manifest error, in this Court denying Vialva's investigation and mitigation ineffective assistance claims without a hearing. This Court was correct that counsel's performance was not deficient and their performance did not fall below an objective standard of reasonableness in light of prevailing professional norms. Additionally, after considering all of the claims and circumstances, this Court found that the *Strickland* prejudice prong also had not been met.

Similarly, as to the other ineffective assistance claims, considering all of Vialva's assertions and affidavits, the record conclusively shows that there are no serious factual questions, that Vialva's attorneys acted within the range of competence demanded of attorneys in criminal and capital cases, and that Vialva cannot show prejudice.

---

[7] Although Vialva seems to challenge the validity of determinations of future dangerousness (Motion at 10-11), he does not cite a case in which the Fifth Circuit, or any court, has found the concept of future dangerousness invalid or irrelevant. While Dr. Coons' methodology as to future dangerousness had been found unreliable, *see Coble v. State of Texas*, 330 S.W.3d 253 286-87 & n. 89 (Tex. Crim. App. 2010), any error would have been harmless because of plentiful other evidence from which the factfinder could reasonably infer Vialva's future dangerousness.

**Response in Opposition to Vialva's Motion - Page 11**

## CONCLUSION

The government respectfully asks the Court deny Vialva's Motion To Reconsider

Denial Of Motion For Discovery And Of Motion For Evidentiary Hearing.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY


_/s/_
MARK L. FRAZIER
Assistant United States Attorney
800 Franklin, Suite 280
Waco, TX 76701
(254) 750-1580



_/s/_
MARK R. STELMACH
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 916-5858

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2012, a true and correct copy of the foregoing instrument was filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participant:

Susan M. Otto
Attorney at Law
Oklahoma City, OK


*/s/*
MARK L. FRAZIER
Assistant U.S. Attorney

**Response in Opposition to Vialva's Motion - Page 13**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

CHRISTOPHER ANDRE VIALVA    §
    Movant                §   Civil No. W-04-CV-163
                             §
v.                           §   Criminal No. W-99-CR-070 (1)
                             §
UNITED STATES OF AMERICA    §
    Plaintiff-Respondent     §

ORDER

This matter having come before the Court on Movant's Motion, and the Court having

received the Government's response thereto and being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that Movant's Motion be GRANTED/DENIED.

Signed and Entered this _____ day of December, 2012.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE