### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. W-99-CR-70(1) |
| | § | CIVIL NO. 04-CV-163 |
| CHRISTOPHER ANDRE VIALVA. | § | DEATH PENALTY CASE |

### REPLY TO UNITED STATES'S RESPONSE TO MOTION
### TO ALTER OR AMEND JUDGMENT
### AND BRIEF IN SUPPORT

**TO THE HONORABLE COURT:**

Christopher Andre Vialva, by and through the undersigned counsel, respectfully

submits this Reply to the United States's Response[1] to his Motion to Alter or Amend

Judgment[2]. The United States was granted an enlargement of time within which to file its

responses to Mr. Vialva's Motion to Alter or Amend Judgment and Motion to Reconsider[3].

The Court granted the United States's request and extended the due date for responses to

December 10, 2012.[4] This Reply is submitted within the time limits established through

Local Court Rule CV-7(f)(1).

Counsel for Mr. Vialva agrees Rule 59(e), Federal Rules of Civil Procedure, is not a

mechanism for curing defects in pleadings or to rectify a party's failure to comply with

---

[1]Doc. 464.

[2]Doc. 454.

[3]Doc. 455.

[4]Doc. 460.

procedural rules after an adverse decision is entered. The United States does not contend the legal standards identified in Mr. Vialva's Motion to Alter or Amend were incorrect. Instead, the United States cited a series of cases in which the movant failed to comply with the standards for Rule 59(e). Counsel submits the cases are instructive in apposition to the motion presented by Mr. Vialva.

The United States cited a series of cases that purport to define the limits of Rule 59(e), as applied to errors claimed by unsuccessful litigants. Based on the tenor of the United States's argument, it appears to be contending Mr. Vialva has failed to demonstrate an error justifying the exercise of corrective authority conferred by Rule 59(e). The United States appears to base its contention on the fact this Court addressed and ruled on the three issues identified by Mr. Vialva as meriting reconsideration. To the extent the United States is suggesting Mr. Vialva's Motion to Alter or Amend is misplaced for the reasons identified in the cited cases, a brief reply is merited.

Mr. Vialva did not invoke the procedure of Rule 59(e) to request relief from a pleading error caused by his failure to properly identify an issue and support it with facts. Cf. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 568-569 (5th Cir. 2003) (investors's suit alleging securities fraud dismissed with prejudice; counsels' failure to file Fourth Amended Complaint not excusable and proffered pleading was not based on "newly discovered evidence that was unavailable" before dismissal), *cited in* Doc. 464 at n.1. Mr. Vialva is not seeking relief from an adverse ruling that resulted from his failure to comply with an order of the Court or from lassitude in responding to an adverse determination of the

facts.  Cf. *Templet v. Hydrochem*, 367 F.3d 473, 479-480 (5th Cir. 2004) (defendant's summary judgment granted in toxic tort case; plaintiffs failed to submit medical evidence supporting their claim of injury within time limits prescribed by the court; plaintiffs had "ample time prior to the ruling to express some form of opposition to the disposition of their claims or to request additional time to respond"), *cited in* Doc. 464 at 2.  Mr. Vialva is not attempting to change his theory of relief after a decision has been issued.  Cf. *Simon v. United States*, 891 F.2d 1154, 1159-1160 (5th Cir. 1990) (United States's failure to plead state law limitation on medical malpractice actions until after judgment was entered could not be cured through Rule 59(e) motion), *cited in* Doc. 464 at 2, internal citation.  The United States's reliance on these cases is misplaced in light of the procedural history of this litigation.

The bases supporting Mr. Vialva's Motion to Alter or Amend are distinguishable from the redundant contentions of an "unhappy litigant" attempting to sway the court with spurious contentions.  Cf. *Prati v. United States,* 82 Fed.Cl. 373 (2008) (taxpayers' refund cases dismissed for lack of subject matter jurisdiction; RCFC Rule 59 invoked), *cited in* Doc. 464 at 3.  In this regard, counsel agrees the cases cited by the United States discuss the term "manifest error," but neither the facts nor the reasoning provide guidance in the context of this capital post conviction proceeding.  See *Matosky v. Manning*, No. 10-50561, 2011 WL 2222188 (5th Cir. Jun. 8, 2011) (unpublished) (diversity action, medical malpractice; appeal from summary judgment for doctor); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183

3

(1st Cir. 2004) (default judgment entered in copyright infringement action; Rule 59(e) applied to reduce amount of default judgment); *cited in* Doc. 464 at 3.

Counsel submits *Blystone v. Horn*, 664 F.3d 397 (3rd Cir. 2011), cited by the United States at page three of its Response, illustrates a critical distinction that supports granting Mr. Vialva's Motion to Alter or Amend. *Blystone* involved capital post conviction proceedings initiated pursuant Title 28, United States Code, Section 2254. Multiple witnesses testified at the guilt phase concerning Mr. Blystone's actions and statements. *Id.* at 402-403. Following the guilty verdict, the record contained a colloquy between the trial judge and Mr. Blystone during which the latter purported to waive his right to present evidence in mitigation of his punishment. *Blystone*, 664 F.3d at 403-404. No evidence was presented in mitigation and a verdict of death was returned. *Id.*, at 404.

Pursuant Pennsylvania law, Mr. Blystone was afforded an evidentiary hearing on his primary claim of ineffective assistance of counsel. *Blystone*, 664 F.3d at 404. The state court denied Mr. Blystone relief, but the evidence developed from that hearing was submitted to the United States District Court for the Western District of Pennsylvania in the course of federal post conviction review. The District Court granted Mr. Blystone relief from his sentence of death based on trial counsel's failure "to investigate, develop, or introduce expert mental health evidence and institutional records in mitigation." *Id.* at 409. The District Court found, based on the record developed in the state court post conviction review, that "it was unreasonable to conclude that Blystone's waiver [of his right to present lay witnesses

in mitigation] prevented him from demonstrating that prejudice resulted from counsel's deficiencies." *Blystone*, 664 F.3d at 409.

The District Court denied Mr. Blystone relief on the guilt stage issues he presented. Mr. Blystone sought review of that portion of the District Court's decision through a Rule 59(e) Motion to Alter or Amend.  *Id.*.  In support of the Rule 59(e) motion, Mr. Blystone asserted he had newly discovered evidence of prosecutorial misconduct bearing on three of his guilt stage claims.  Mr. Blystone asked for additional discovery and an opportunity to amend his petition to add additional claims. *Blystone*, 664 F.3d at 410.  The District Court found the predicate facts of the misconduct were well known and Mr. Blystone's counsel had been in possession of specific items of evidence for approximately four months prior to the Court's decision.  Accordingly, the evidence did not qualify as "newly discovered," within the ambit of Rule 59(e). *Id.*.  The record of this case discloses no similar conduct by counsel.

Mr. Vialva complied with both the letter and the purpose of Rule 59(e) by identifying specific claims presented in his Motion to Vacate that were impacted either by subsequent changes in the law or by facts that developed through no contrivance of his.  The matters raised by Mr. Vialva in his Motion to Alter or Amend fit squarely within the parameters of Rule 59(e).  The United States's response simply recapitulated the obvious fact this Court denied Mr. Vialva's Motion to Vacate.  The United States has not addressed through affidavit, declaration, or other verified documentary evidence the substantive claims Mr. Vialva has presented.  Mr. Vialva did not fail to call these matters to the attention of the Court prior to the entry of judgment, as the record clearly reflects.  The Court's decision

denying Mr. Vialva relief is error as a matter of law for the reasons identified in the Motion

to Alter of Amend.  Mr. Vialva requests this Court vacate the Order denying him relief and

the Judgment entered in conformity with the Order.

Respectfully submitted,

/*Susan M. Otto*
SUSAN M. OTTO   Oklahoma Bar # 6818
Federal Public Defender Western District of Oklahoma
215 Dean A. McGee   Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405 609-5930 Telefacsimile: 405 609-5932
COUNSEL FOR DEFENDANT/MOVANT
CHRISTOPHER ANDRE VIALVA

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Mark Frazier
Assistant United States Attorney
800 Franklin, Suite 280
Waco, Texas 76701
Counsel for Plaintiff/Respondent United States of America;

Rob Owen
P.O. Box 40428
Austin, Texas 78704
Counsel for Brandon Bernard.

/Susan M. Otto
SUSAN M. OTTO