IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. W-99-CR-70(1) |
| | § | CIVIL NO. 04-CV-163 |
| CHRISTOPHER ANDRE VIALVA. | § | DEATH PENALTY CASE |

### REPLY TO UNITED STATES'S RESPONSE
### TO MOTION TO RECONSIDER AND BRIEF IN SUPPORT

**TO THE HONORABLE COURT:**

Christopher Andre Vialva, by and through the undersigned counsel, respectfully submits this Reply to the United States's Response[1] to his Motion to Reconsider[2]. The United States was granted an enlargement of time within which to file its responses to Mr. Vialva's Motion to Alter or Amend Judgment[3] and Motion to Reconsider. The Court granted the United States's request and extended the due date for responses to December 10, 2012.[4] The United States's Response to the Motion to Reconsider was filed one day late, on December 11, 2012. This Reply is submitted within the time limits established through Local Court Rule CV-7(f)(1), calculated from the actual filing date.

---

[1] Doc. 468.

[2] Doc. 455.

[3] Doc. 454.

[4] Doc. 460.

The United States noted, correctly, that counsel did not cite a specific rule on which the Motion to Reconsider was based. The United States postulated Rule 59(e), Federal Rules of Civil Procedure, as the basis for the request and recapitulated the comments it submitted in response to Mr. Vialva's Motion to Alter or Amend Judgment. See Doc. 468 at 2-3. Counsel submitted a Reply to the United States's Response to Mr. Vialva's Motion to Alter or Amend Judgment. See Doc. 469. Counsel reaffirms Mr. Vialva's position regarding the scope and purpose of Rule 59(e). Counsel did not cite Rule 59(e) in Mr. Vialva's Motion to Reconsider and does not do so in this Reply.

Mr. Vialva's Motion to Reconsider is addressed to the Court's inherent authority to correct an error of law while it still retains jurisdiction over the action. The procedural issue presented in the Motion to Reconsider arises directly from the manner in which this post conviction proceeding was concluded. Mr. Vialva was afforded no notice of the Court's intention to dispose of all the pending motions prior to the entry of judgment. Accordingly, the Motion to Reconsider is Mr. Vialva's first opportunity to address the Court's consolidated denial of his Motion to Vacate, his motion for an evidentiary hearing, and his motions for discovery accompanied, simultaneously, with the entry of judgment.

The Court's disposition of Mr. Vialva's Motion to Vacate and associated pleadings operated as a summary judgment, entered *sua sponte*. Counsel recognizes there is authority permitting a court to grant summary judgment *sua sponte* in the context of civil actions. See Rule 56(f), Fed.R.Civ.P.. Counsel also acknowledges the Federal Rules of Civil Procedure

apply to the disposition of motions to vacate, when those rules do not conflict with statutory provisions or the specialized rules applicable to Section 2255 proceedings. See Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts, *following* Title 28, United States Code. Assuming, *arguendo*, that summary disposition of a motion to vacate filed in a capital case is appropriate, Rule 56 requires the court to afford "notice and a reasonable opportunity to respond." See *Judwin Properties, Inc. v. U.S. Fire Ins. Co.,* 973 F.2d 432, 436-37 (5th Cir. 1992) ("the district court must give proper notice to insure that the nonmoving party had the opportunity to make every possible factual and legal argument"). Mr. Vialva's Motion to Reconsider is addressed to this aspect of the Court's disposition of his post conviction proceedings.

Mr. Vialva's Motion to Vacate was supported by a significant volume of evidence, filed in the two Appendices[5] to his Motion. Mr. Vialva's two motions for discovery were both linked directly to specific claims in his Motion to Vacate and substantiated with the information known by counsel at the time of the motions' submission. Similarly, Mr. Vialva's motion for an evidentiary hearing concerned the precise issues courts have identified as requiring extra-record factual development for a disposition on the merits. The United States submitted no evidence that refuted, rebutted, or even addressed the evidence Mr. Vialva submitted.

---

[5]Doc. 373, Vol. I, Exhibits to Claims I through V, inclusive; Doc. 374, Vol. II, Exhibits to Claims VI-X, inclusive.

3

On the predicate legal issues implicated by Mr. Vialva's requests, the United States did not disagree that Title 28, United States Code, Section 2255 contains a liberal standard for grant of an evidentiary hearing. Indeed, the United States did not dispute Mr. Vialva's statement of the standard, which remains very permissive, especially in contrast to the procedures applicable to Section 2254 proceedings. Mr. Vialva argued the standard for obtaining discovery is equally or more liberal than the standard in Section 2254 cases. The United States did not dispute this argument. Instead, the United States maintains Mr. Vialva is not entitled to relief on the merits of his Motion to Vacate. See Doc. 468 at 4. The United States relies on two Fifth Circuit cases, *United States v. Hall*, 455 F.3d 508 (5th Cir. 2006), and *Tucker v. Johnson*, 242 F.3d 617 (5th Cir.), *cert. denied*, 533 U.S. 972 (2001). Both cases are instructive as inapposite to the facts of this case.

*Tucker* involved federal habeas corpus review of a Texas state capital conviction. The review incorporated a substantial component of so-called AEDPA deference to the prior state court decision, a critically distinct procedural point. See *Tucker*, 242 F.3d at 624. The United States's concession of the standard applicable to Mr. Vialva's request for an evidentiary hearing renders *Tucker* irrelevant as persuasive authority. The case is also distinguishable on the merits.

The Fifth Circuit considered the appeal shortly after the Supreme Court decided *Williams v. Taylor*, 529 U.S. 362 (2000). *Tucker*, 242 F.3d at 620. The Circuit admitted Mr. Tucker's trial counsel did not present all of the available evidence in mitigation of his

punishment but, since counsel presented some evidence, the case was distinguishable from *Williams*. *Id.* at 622. The Circuit's narrow construction of *Williams* is inconsistent with the Supreme Court's understanding of its decision. See *Sears v. Upton*, __ U.S. __, 130 S.Ct. 3259, 3266 (2010) (*per curiam*) ("But we also have found deficiency and prejudice in other cases in which counsel presented what could be described as a superficially reasonable mitigation theory during the penalty phase"; citing *Williams*); and *Porter v. McCollum*, 558 U.S. __, 130 S.Ct. 447 (2009) (*per curiam*).

*Hall* is distinguishable in several highly relevant respects. Mr. Hall asserted trial counsel failed to conduct an adequate investigation into mitigation evidence. The Fifth Circuit noted Mr. Hall's claims were contradicted both by counter-affidavits from trial counsel *and* by his own affidavits. See *United States v. Hall*, 455 F.3d at 519 (conclusion that a reasonable investigation was conducted "is supported not only by the subsequent affidavits submitted by the government *but also by the very declarations upon which Hall now relies*, no reasonable jurist could debate the district court's conclusion that the declarations submitted by Hall have failed to 'create any contested fact issue.'") (emphasis in original). The Circuit concluded "Hall's expert declarations have failed to create a contested fact issue about the objective reasonableness of his trial counsel's mitigation investigation" so no hearing was required. *Id.*. The Circuit characterized other aspects of Mr. Hall's ineffective assistance claim as supported by "little more than his displeasure with the outcome of his trial and sentencing hearing." *Hall*, 455 F.3d at 520.

Unlike *Hall*, there are no conflicting, countervailing, or inconsistent affidavits, declarations, or documentary evidence submitted by the United States rebutting Mr. Vialva's evidence.  The only evidence presented concerning trial counsel's deficient performance proves the necessity of an evidentiary hearing and further discovery directed to information that bears directly on the substance of Mr. Vialva's claims.  None of the applicable rules preclude the Court from correcting its error at this juncture.  Counsel respectfully requests this Court reconsider its decisions denying Mr. Vialva's requests.

Respectfully submitted,

/*Susan M. Otto*
SUSAN M. OTTO
Oklahoma Bar # 6818
Federal Public Defender Western District of Oklahoma
215 Dean A. McGee   Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405 609-5930 Telefacsimile: 405 609-5932
COUNSEL FOR DEFENDANT/MOVANT
CHRISTOPHER ANDRE VIALVA

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of December 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Mark Frazier
Assistant United States Attorney
800 Franklin, Suite 280
Waco, Texas 76701
Counsel for Plaintiff/Respondent United States of America; and

Rob Owen
P.O. Box 40428
Austin, Texas 78704
Counsel for Brandon Bernard.

                                           */Susan M. Otto*
                                           SUSAN M. OTTO