

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ANDRE VIALVA,**<br>    **Movant,** | §<br>§<br>§ | |
| | § | **CIVIL NO. W-04-CV-163** |
| **v.** | §<br>§ | |
| | § | **CRIMINAL NO. W-99-CR-070 (1)** |
| **UNITED STATES OF AMERICA,**<br>    **Respondent.** | §<br>§ | |

## AND

| | | |
|---|---|---|
| **BRANDON BERNARD,**<br>    **Movant,** | §<br>§<br>§ | |
| | § | **CIVIL NO. W-04-CV-164** |
| **v.** | §<br>§ | |
| | § | **CRIMINAL NO. W-99-CR-070 (2)** |
| **UNITED STATES OF AMERICA,**<br>    **Respondent.** | §<br>§ | |

## O R D E R

Came on to be considered the Motions to Alter or Amend Judgment filed by Movants Christopher Andre Vialva ("Vialva") and Brandon Bernard ("Bernard"), as well as Vialva's Motion to Reconsider Denial of Motion for Discovery and of Motion for Evidentiary Hearing.  Having reviewed the parties' briefs, the applicable legal authority, and the record in this case, the Court is persuaded the motions lack merit and should be denied.

Vialva and Bernard were convicted of capital murder and sentenced to death. Their convictions and sentences were affirmed on appeal, and their applications for

writs of certiorari were denied.  Both filed Motions to Vacate their Sentences under 28 U.S.C. § 2255, which were denied by the Court without an evidentiary hearing. Both Defendants seek to alter or amend the judgments entered on their § 2255 motions.

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."[1]  A district court has considerable discretion in determining whether a case should be reopened under Rule 59(e), striving to strike "the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  The motion "calls into question the correctness of a judgment," and is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence. . . .'" *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)).  Relief is also appropriate under Rule 59(e)

---

[1]    The Federal Rules of Civil Procedure are applicable pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings.

"when there has been an intervening change in the controlling law." *Schiller*, 342 F.3d at 567.

Both Vialva and Bernard argue that their claims of ineffective assistance of counsel were not properly or fully analyzed. However, they present nothing beyond what was presented in their original § 2255 motions, which the Court previously addressed. The two recent cases cited by Bernard do not change the Court's analysis. *See Sears v. Upton*, ___ U.S. ___, 130 S.Ct. 3259, 177 L.Ed.2d 1025 (2010) (*per curiam*), and *Porter v. McCollum*, 558 U.S. 30, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009) (*per curiam*). In both cases, there were extensive, readily available records detailing each defendant's mental and/or cognitive problems. There were no such issues exhibited with Bernard.

Vialva additionally asserts that recent trends in the Supreme Court indicate a willingness to prohibit capital punishment for someone over the age of 18 who has a younger "mental" age. If, of course, an individual is mentally retarded, the Constitution prohibits capital punishment, as well as for individuals under the age of 18. *See Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002); and *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). There is nothing to indicate that current law would protect from capital punishment those individuals who are over the age of 18 and not mentally retarded, but are "developmentally" immature. In fact, a number of courts have rejected this argument. *See In re Garner*, 612 F.3d 533 (6th Cir. 2010); *Parr v. Quarterman*, 472 F.3d 245, 261 (5th Cir. 2006), *cert. denied*, 551 U.S. 1133, 127 S.Ct. 2974, 168

L.Ed.2d 707 (2007); *United States v. Mitchell*, 502 F.3d 931, 981-82 (9th Cir. 2007).

As the Supreme Court noted in *Roper v. Simmons*:

> Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. By the same token, some under 18 have already attained a level of maturity some adults will never reach. For the reasons we have discussed, however, a line must be drawn.

543 U.S. at 574.

Vialva was over the age of 18 at the time he committed the murders, and there is nothing in the record to support any findings that he is mentally retarded. He does not, therefore, fall within any of the categories which would exclude him from the death penalty. Even if some new right were identified, his claim would be barred by the nonretroactivity doctrine of *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See Hughes v. Dretke*, 412 F.3d 582, 594 (5th Cir. 2005), cert. denied, 546 U.S. 1177, 126 S.Ct. 1347, 164 L.Ed.2d 60 (2006); *Doyle v. Thaler*, 2012 WL 2376931 (N.D.Tex., Jan. 9, 2012) (slip op.), adopted at 2012 WL 2376642 (N.D. Tex., June 25, 2012).

Movants' other arguments were previously fully briefed by the parties and evaluated by the Court. They establish no manifest error of law or fact, nor do they present newly discovered evidence or an intervening change in prevailing law. As such, relief under Rule 59(e) is not warranted. Accordingly, it is

**ORDERED** that the Motions to Alter or Amend Judgment filed by Movants Christopher Andre Vialva and Brandon Bernard, as well as Vialva's Motion to Reconsider Denial of Motion for Discovery and of Motion for Evidentiary Hearing, are **DENIED.**

**SIGNED** this ____8____ day of February, 2013.

**WALTER S. SMITH, JR.**
**United States District Judge**