FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

DEC 2 0 2017

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CIVIL NO. W-04-CV-163-LY |
| V. | § | CRIMINAL NO. W-99-CR-070 (1)-LY |
| | § | |
| CHRISTOPHER ANDRE VIALVA | § | * CAPITAL CASE * |

AND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CIVIL NO. W-04-CV-164-LY |
| V. | § | CRIMINAL NO. W-99-CR-070 (2)-LY |
| | § | |
| BRANDON BERNARD | § | * CAPITAL CASE * |

## ORDER ON MOTIONS FOR RELIEF FROM JUDGMENT

Movants Christopher Andre Vialva and Brandon Bernard were convicted under federal law of capital murder and sentenced to death. Their convictions and sentences were affirmed on direct appeal, and each unsuccessfully challenged their respective conviction and sentence pursuant to 28 U.S.C. § 2255. Both Movants have now filed a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), requesting a re-evaluation of the claims previously raised and rejected during Movants' habeas corpus proceedings. Doc. # 553 (Vialva); Doc. # 569 (Bernard). After carefully considering the pleadings and relief sought by Movants, however, the court concludes the Rule 60(b) motions should be construed as successive Section 2255 motions which this court is prohibited from considering. Both motions are therefore dismissed for lack of jurisdiction.

## Background

In June 2000, Vialva and Bernard were convicted in the Western District of Texas of capital murder and sentenced to death for the carjacking and murder of Todd and Stacie Bagley

while on federal government property. As stated previously, their convictions were affirmed on direct appeal, and certiorari was denied by the United States Supreme Court. *United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002), *cert. denied*, 539 U.S. 928 (2003). Movants then challenged their convictions and sentences by filing motions to vacate, set aside, or correct under 28 U.S.C. § 2255 alleging a myriad of constitutional violations. After careful consideration, the district court—the Honorable Judge Walter S. Smith, Jr. presiding[1]—denied an evidentiary hearing, denied the Section 2255 motions and the claims raised therein, and denied Movants a certificate of appealability (COA). Doc. # 449. On appeal, the Fifth Circuit also denied Movants a COA, and their subsequent petitions for certiorari review were again denied by the Supreme Court in early 2016. *United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 892 (2016), 136 S. Ct. 1155 (2016).

On October 13, 2017, Vialva filed his Rule 60(b) motion to vacate the district court's denial of his Section 2255 motion, arguing "defects" in the integrity of the proceedings tainted the post-conviction review process and amounted to an extraordinary circumstance sufficient to justify reopening the Section 2255 proceedings. Doc. # 553. A month later, Bernard filed a similar motion largely parroting the arguments raised in Vialva's motion. Doc. # 569. Both motions focus on the alleged unfitness of Judge Smith to preside over the Section 2255 proceedings. Specifically, Movants contend: (1) Judge Smith was unfit to preside over the Section 2255 proceedings because of various "impairments"[2] which are now a matter of public record; (2) this alleged lack of fitness was illustrated by the fact it took over seven years to

---

[1]    Judge Smith also presided over the Movants' original trial.

[2]    These alleged impairments—which include a failure to properly follow procedures regarding recusal, as well as a reputation for drinking and having a temper—stem from a 2014 investigation into allegations that Judge Smith had made unwanted sexual advances toward a member of his staff in 1998. As a result of the investigation, Judge Smith was reprimanded and prohibited for a year from being assigned any new cases.

produce an Order and Judgment; (3) Judge Smith's failure to recuse himself despite having presided over the trial resulted in an appearance of bias; (4) this bias was apparent by Judge Smith's summary dismissal of potentially meritorious claims without an evidentiary hearing. According to Movants, these defects were also compounded on appeal by the Fifth Circuit's flawed procedure for determining the standard for appellate review. *See Buck v. Davis*, 137 S. Ct. 759, 777 (2017). As a result, Movants asks this Court to vacate Judge Smith's Order and Judgment denying Section 2255 relief and to reinitiate the post-conviction review process by reviewing anew the allegations raised in their Section 2255 motions.

### Analysis

A district court has jurisdiction to consider a Rule 60(b) motion in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *United States v. Williams*, 274 Fed. App'x 346, 347 (5th Cir. 2008) (applying *Gonzalez* to Section 2255 motions). A motion that seeks to add a new ground for relief or attacks the previous resolution of a claim on the merits is, in fact, a successive petition subject to the standards of 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 531-32; *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013). In other words, a motion that asserts or reasserts substantive claims of error actually attacking the validity of the movant's conviction may be treated as a successive Section 2255 motion to vacate.

By contrast, a motion that shows "a non-merits-based defect in the district court's earlier decision on the federal habeas petition" falls within the jurisdiction of the district court to consider. *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010). Thus, if the Rule 60(b) motion only attacks a "defect in the integrity" of the movant's federal habeas proceedings and does not

3

seek to advance any substantive claims, the motion shall not be treated as a second-or-successive

motion. *Gonzalez*, 545 U.S. at 532. However, it is extraordinarily difficult to establish a claim

of procedural defect:

> Procedural defects are narrowly construed. They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar. They generally do not include an attack based on the movant's own conduct, or his habeas counsel's omissions, which do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably.

*In re Coleman*, 768 F.3d 367, 371-72 (5th Cir. 2014) (alterations omitted).

Here, Movants argue their request for Rule 60 relief is not a successive Section 2255

motion because it is solely an attack on a *procedural* defect in prior habeas proceedings—

namely, the denial of "meaningful review of potentially meritorious claims" by both the district

court and Fifth Circuit. Even a cursory examination of the motions, however, reveals their true

intent is to resurrect the numerous constitutional claims adjudicated on the merits in the original

Section 2255 proceedings.[3] Movants all but admit this by asking the court to vacate the previous

adverse judgment on the merits and to consider the claims raised in their Section 2255 motions

afresh. That is the very definition of a successive motion. *See United States v. Hernandes*, 708

F.3d 680, 682 (5th Cir. 2013) (finding Rule 60(b) motion to be a "§ 2255 motion in disguise"

because it attacked federal court's previous resolution of claim on the merits); *United States v.

Rich*, 141 F.3d 550, 551 (5th Cir. 1998) (finding attempt to raise same claim already raised in

motion to vacate, even if supplemented by new Supreme Court precedent, is properly construed

as a successive Section 2255 motion).

---

[3]   Indeed, Vialva spends 6 out of 19 total pages of briefing on the claims he believes warrant additional substantive review, while Bernard spends 11 out of 30 pages doing the same.

Moreover, the alleged defects in this case did not preclude a merits determination as Movants now suggest. Quite the opposite, the district court adjudicated each of the numerous constitutional allegations raised in Movants' Section 2255 motions on the merits, and the Fifth Circuit denied review of seven of the allegations when they were raised on appeal. Thus, any suggestion the merits of these issues remain unaddressed is farcical. And although Movants allege the review ultimately given by the district court and Fifth Circuit was not a "meaningful review," such arguments are substantive rather than procedural. Movants disagree with the result of the previous proceedings and are essentially asking "for a second chance to have the merits determined favorably." *In re Coleman*, 768 F.3d at 372. Because the alleged procedural defects are simply an attempt to circumvent Section 2244, the motions must be dismissed as successive Section 2255 motions which this court has no jurisdiction to consider. *Hernandes*, 708 F.3d at 681.

### Conclusion

The court concludes Movants' Rule 60(b) motions should be construed as successive Section 2255 motions. However, Movants have not obtained leave from the Fifth Circuit Court of Appeals to file a successive motion as dictated by Sections 2244(b)(3)(A) and 2255(h). Therefore, this court lacks jurisdiction to consider the motions. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the appellate court has granted petitioner permission to file one). Accordingly, based on the foregoing reasons, Movants' successive motions are dismissed.

It is therefore **ORDERED** that Movant Vialva's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), filed October 13, 2017 (Doc. # 553), is **DISMISSED** without prejudice for want of jurisdiction.

It is further **ORDERED** that Movant Bernard's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), filed November 30, 2017 (Doc. # 569), is also **DISMISSED** without prejudice for want of jurisdiction.

Finally, it is **ORDERED** that no certificate of appealability shall issue in either case, as reasonable jurists could not debate the denial or dismissal of Movants' motions on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**SIGNED** this the ___ day of December, 2017.

_____
LEE YEAKEL
**UNITED STATES DISTRICT JUDGE**

6