# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 18-70007

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

CHRISTOPHER ANDRE VIALVA,

    Defendant - Appellant

Consolidated With
No. 18-70008

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

BRANDON BERNARD,

    Defendant - Appellant

---

Appeals from the United States District Court
for the Western District of Texas

---

United States Court of Appeals
Fifth Circuit
**FILED**
September 14, 2018
Lyle W. Cayce
Clerk

No. 18-70007
cons. w/
No. 18-70008

Before HIGGINBOTHAM, JONES, and DENNIS[*], Circuit Judges.

PER CURIAM:

Brandon Bernard and Christopher Andre Vialva were convicted of capital murder under federal law and sentenced to death. Both men moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), seeking to reopen their initial habeas proceedings under 28 U.S.C. § 2255. The district court concluded that these motions constituted second-or-successive Section 2255 petitions and so dismissed them for lack of jurisdiction. Bernard and Vialva now seek certificates of appealability ("COAs") pursuant to 28 U.S.C. § 2253(c)(2). For the reasons set forth below, we **DENY** the COA applications.

## BACKGROUND

In 1999, Bernard, Vialva, and other gang members planned a carjacking and robbery in Killeen, Texas. *See United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002) (denying claims on direct appeal); *United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014) (denying COA applications for Section 2255 claims). Their plan culminated in the murders of Todd and Stacie Bagley on federal government property. Vialva shot both victims in the head. Bernard then set fire to the Bagleys' car to destroy evidence. The gunshot killed Todd Bagley, and Stacie died from smoke inhalation. A jury found Bernard and Vialva guilty on multiple capital counts. The jury subsequently found that aggravating factors outweighed mitigating factors for each defendant. They were sentenced to death under 18 U.S.C. § 3591 *et seq*. This court affirmed

---

[*] Judge Dennis concurs in all but footnote 4 of this opinion.

2

No. 18-70007
cons. w/
No. 18-70008

their sentences on direct appeal. 299 F.3d at 489, *cert. denied*, 539 U.S. 928, 123 S. Ct. 2572 (2003).

Bernard and Vialva filed habeas petitions challenging their convictions and sentences pursuant to Section 2255. After careful review, the district court denied Bernard and Vialva an evidentiary hearing and rejected their claims, declining to certify any questions for appellate review. Bernard and Vialva then sought COAs from this court. This court denied their COA applications, holding that "reasonable jurists could not disagree with the district court's disposition of any of Bernard's and Vialva's claims on the voluminous record presented." 762 F.3d at 483.

In October 2017, Vialva moved in district court for relief from judgment under Federal Rule of Criminal Procedure 60(b)(6). His motion requested that the district court's denial of his initial Section 2255 motion be vacated because purported defects in the integrity of those proceedings precluded meaningful collateral review. A month later, Bernard filed a substantially similar motion.

The motions both allege that Judge Walter Smith, the district court judge who oversaw their trials and initial habeas petitions, was unfit to conduct proceedings because of "impairments."[1] The motions also assert numerous errors committed by Judge Smith during their trial and initial habeas proceedings. And the motions contend that this court misapplied the

---

[1] These allegations stem from a 2014 judicial misconduct investigation involving Judge Smith. The Judicial Council found that, in 1998, Judge Smith made unwanted advances toward a court employee. The Council also noted that Judge Smith did not follow appropriate procedures regarding recusal from cases in which his counsel in the misconduct investigation was representing parties before his court. The investigation resulted in a reprimand for Judge Smith, and he was suspended for one year from being assigned new cases.

3

No. 18-70007
cons. w/
No. 18-70008

standard of review in denying Bernard's and Vialva's COA applications when they sought to appeal Judge Smith's denial of their habeas petitions.

In support of their Rule 60(b) motions, Bernard and Vialva both attached the Judicial Council's Order from Judge Smith's misconduct proceeding. Bernard attached several other related documents, including the order effecting Judge Smith's suspension from new case assignments, an excerpt of the deposition of the court employee who alleged misconduct against Judge Smith,[2] and a 2017 article from the *Texas Lawyer* that details the misconduct proceedings and Judge Smith's decision to retire. Bernard also attached an *amicus* brief by the Federal Capital Habeas Project supporting Bernard's petition for a writ of certiorari and arguing that this court erred in denying his COA application.

The district court construed Bernard's and Vialva's Rule 60(b) motions as successive motions under Section 2255 and dismissed them for lack of jurisdiction. The court then concluded that no COAs should issue. Both petitioners timely applied to this court for COAs.

## STANDARD OF REVIEW

We review *de novo* whether the district court properly construed the purported Rule 60(b) filings as subsequent habeas petitions under Section 2255. *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014). However, this court may not consider an appeal from the district court's denial of relief unless Bernard and Vialva "first obtain a COA from a circuit justice or judge." *Buck v.*

---

[2] The deposition excerpt includes the court employee's discussion of the alleged misconduct, her opinion that Judge Smith may have been drinking prior to some of his interactions with her, and her statement that, at one point, Judge Smith's law clerk called her to say that Judge Smith had "been in the hospital," was "falling apart," and had needed to "cancel court things" because he was "not functioning."

No. 18-70007
cons. w/
No. 18-70008

*Davis*, 137 S. Ct. 759, 773 (2017) (citing 28 U.S.C. § 2253(c)(1)). "A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2)). Unless an applicant secures a COA, this court "may not rule on the merits of his case." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003)).

The COA inquiry itself is "limited" and "not coextensive with a merits analysis." 137 S. Ct. at 773-74. "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* at 773 (quoting *Miller–El*, 537 U.S. at 327, 123 S. Ct. at 1034). In other words, this court must make only "an initial determination whether a claim is reasonably debatable." *Id.* at 774. And this "initial determination" must be made without "full consideration of the factual or legal bases adduced in support of the claims." *Id.* at 773 (quoting *Miller–El*, 537 U.S. at 336, 123 S. Ct. 1039). "Finally, any doubt as to whether a COA should issue in a death-penalty case must be resolved in favor of the petitioner." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005).

## DISCUSSION

Given the limited standard of review, the question here is whether reasonable jurists could disagree with the district court's determination that Bernard's and Vialva's Rule 60(b) motions were successive habeas petitions under Section 2255. We conclude that the issue is not reasonably debatable.

Congress has specified that individuals may file successive Section 2255 motions only under limited circumstances. *See* 28 U.S.C. § 2255(h)(1)-(2) (requiring that a successive motion point to either "newly discovered evidence"

5

Case: 18-70007 Document: 00514642189 Page: 6 Date Filed: 09/14/2018
Case 6:99-cr-00070-ADA Document 660 Filed 09/14/18 Page 6 of 13

No. 18-70007
cons. w/
No. 18-70008

establishing the movant's innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). A federal district court lacks jurisdiction to entertain a successive motion unless the circuit court first certifies that the filing satisfies these requirements. *See id.*

To avoid the statutory limits on successive habeas petitions, individuals may seek to style their successive filings as motions for relief from judgement under Rule 60(b). This rule allows a court to reopen proceedings for obvious errors, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). In *Gonzalez v. Crosby*, however, the Supreme Court stated that Rule 60(b) motions cannot "impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." 545 U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005).[3] *Gonzalez* provides guidance for determining when a Rule 60(b) motion is subject to the requirements for successive petitions. *See id.* at 532-36, 125 S. Ct. at 2648-50.

Specifically, *Gonzalez* states that courts must construe a Rule 60(b) motion as a successive habeas petition if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." 545 U.S. at 532, 125 S. Ct. at 2648. If a motion challenges "not the substance of the federal court's resolution of a claim on the merits but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is appropriate. *Id.*

---

[3] *Gonzalez* considered "only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254," *id.* at 529 n.3, 125 S. Ct. at 2646, but this court has applied its holding in the Section 2255 context. *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013).

No. 18-70007
cons. w/
No. 18-70008

Applying *Gonzalez*, we have held that claims of procedural defect must be "narrowly construed" when considering whether motions are subject to the limits on successive habeas petitions. *See In re Coleman*, 768 F.3d at 371. Claims properly brought under Rule 60(b) include assertions of "[f]raud on the habeas court" or challenges to procedural rulings that "precluded a merits determination"—for instance, the denial of habeas relief "for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." 545 U.S. at 532 n.5, 125 S. Ct. at 2648. Accordingly, a district court has jurisdiction to consider a motion that shows "a non-merits-based defect in the district court's earlier decision on the federal habeas petition." *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010). But motions that "in effect ask for a second chance to have the merits determined favorably" must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks. *See id.*

Indeed, courts have repeatedly rejected attempts to portray *substantive* claims as asserting *procedural* defects. For example, in *United States v. Washington*, the Ninth Circuit addressed a Rule 60(b) motion alleging that the district judge "lacked familiarity with the facts of the case" and erroneously "declined to conduct an evidentiary hearing." 653 F.3d 1057, 1064 (9th Cir. 2011). Though presented as a procedural challenge, these claims did not, the court explained, "constitute an allegation of a defect in the integrity of the proceedings; rather, such arguments are merely asking 'for a second chance to have the merits determined favorably.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.5, 125 S. Ct. at 2648). Similarly, in *In re Lindsey*, the Tenth Circuit addressed a Rule 60(b) motion in which the movant "characterized his arguments as procedural in nature, asserting they 'deal[t] primarily with some

No. 18-70007
cons. w/
No. 18-70008

irregularity or procedural defect in the procurement of the judgment.'" 582 F.3d 1173, 1174 (10th Cir. 2009). Despite this characterization, the Tenth Circuit applied *Gonzalez* to find that the claim—another challenge to the denial of an evidentiary hearing—"le[d] inextricably to a merits-based attack on the dismissal of the § 2255 motion," thereby requiring circuit-court authorization as a successive Section 2255 motion. *Id*. at 1175-76.

Here, the district court held that Bernard's and Vialva's motions were "the very definition of . . . successive" because they "ask[ed] the court to vacate the previous adverse judgment on the merits and to consider the claims raised in their [original] Section 2255 motions afresh." The court noted that Bernard and Vialva both spent much of their Rule 60(b) motions rearguing the merits of the claims brought in their initial Section 2255 motions. And the court inferred that "the alleged procedural defects are simply an attempt to circumvent" the limits placed by Congress on successive habeas petitions.

Bernard and Vialva contend that the district court erred because their Rule 60(b) motions properly identified "non-merits-based defect[s]" in their habeas proceedings that "wrongfully deprived [them] of meaningful collateral review under 28 U.S.C. § 2255." Bernard and Vialva stress that "a fundamental purpose" of motions under Rule 60(b) "is to provide an exception to finality . . . where procedural defects marred the integrity of the earlier proceedings," and so it is not inappropriate that their motions seek to relitigate "the merits of claims that were advanced and decided in earlier habeas proceedings."

Bernard and Vialva are correct that Rule 60(b) motions can legitimately ask a court to reevaluate already-decided claims—as long as the motion credibly alleges a non-merits defect in the prior habeas proceedings. However,

8

No. 18-70007
cons. w/
No. 18-70008

the question before us is not whether Rule 60(b) motions can reopen proceedings—they certainly can—but whether Bernard and Vialva have actually alleged procedural defects cognizable under Rule 60(b).

Although they purport to attack the integrity of their prior habeas proceedings, Bernard's and Vialva's invocation of defective procedure rests substantially on a merits-based challenge. To begin with, evidence from Judge Smith's misconduct investigation does not credibly implicate the procedural integrity of Bernard's and Vialva's prosecutions or subsequent habeas proceedings. Evidence that Judge Smith engaged in unrelated misconduct in 1998 or that he neglected certain recusal requirements during the 2014 misconduct investigation does not raise an inference of defects in the habeas proceedings at issue here. The allegations offer no evidence—beyond gross speculation—that Judge Smith was, as Bernard and Vialva repeatedly assert, "impaired" or "unfit" to oversee their 2000 trial and subsequent habeas proceedings. Judge Smith's unrelated misconduct does not constitute a defect in the integrity of Bernard's and Vialva's habeas proceedings. To hold otherwise would implicate every one of Judge Smith's decisions for an undetermined period of time nearly twenty years ago and would justify circumventing the second-or-successive limitations in countless cases.

Attempting to link Judge Smith's misconduct to their own proceedings, Bernard and Vialva point to errors allegedly committed by Judge Smith during their trial and habeas proceedings: (1) Judge Smith's appointment of ineffective counsel, (2) his incorrect jury instructions, (3) his admission of improper victim impact statements, (4) his failure to rule on the original

9

No. 18-70007
cons. w/
No. 18-70008

Section 2255 motions in a timely manner,[4] (5) his summary denial of their habeas claims, and (6) his denial of requests for an evidentiary hearing.

These are clearly merits-based attacks, and they have already been reviewed and rejected by this court. *See* 299 F.3d at 484-85 (concluding that jury instruction error was "harmless beyond a reasonable doubt"); *id.* at 480-81 (finding that challenged statements "did not alone unduly prejudice the jury" because the "inadmissible portion of the victim impact testimony was short and mild compared to the horror of the crimes and the pathos of the admissible impact on the parents"); 762 F.3d at 471-80 (finding that the district court's rejection of Bernard's and Vialva's ineffective assistance of counsel claims was "not reasonably debatable"); *id.* at 483 (holding that "reasonable jurists could not disagree with the district court's disposition of any of Bernard's and Vialva's claims," including the court's decision to deny an evidentiary hearing and further discovery). Bernard and Vialva seek to transform these previously unsuccessful merits-based claims into a claim of procedural defect. *Gonzalez* squarely rejects this sort of "attack [on] the federal court's previous resolution of . . . claim[s] on the merits." 545 U.S. at 532, 125 S. Ct. at 2648.

The claim that this court misapplied the COA standard fares no better. To show error, Bernard and Vialva cite *Buck v. Davis*, a decision in which the Supreme Court reversed a different panel of this court for failing to limit its COA review appropriately—that is, the panel failed to consider only whether the district court's decision was "reasonably debatable." 137 S. Ct. 759, 774 (2017). Yet Bernard and Vialva fail to explain how the error present in *Buck*

---

[4] For obvious reasons, capital habeas petitioners rarely, if ever, criticize a court's delay in ruling on their petitions.

10

Case: 18-70007 Document: 00514642189 Page: 11 Date Filed: 09/14/2018
Case 6:99-cr-00070-ADA Document 660 Filed 09/14/18 Page 11 of 13

No. 18-70007
cons. w/
No. 18-70008

was also present in this court's application of the COA standard in their proceedings. They merely argue that the district court's disposition of their Section 2255 motions was, in fact, debatable by jurists of reason.[5] Of course, Bernard and Vialva have already challenged this court's denial of their COA applications in their petitions for writs of certiorari, which were denied by the Supreme Court. *See Vialva v. United States*, 136 S. Ct. 1155 (2016); *Bernard v. United States*, 136 S. Ct. 892 (2016), *reh'g denied*, 137 S. Ct. 2154 (2017). Reasserting that the district court's dismissal of their Section 2255 motions was "debatable" is not a claim cognizable under Rule 60(b). The claim is "fundamentally substantive," *Coleman*, 768 F.3d at 372, and Bernard and Vialva plainly seek "a second chance to have the merits [of their claims] determined favorably." *Balentine*, 626 F.3d at 847.

In sum, this case illustrates the importance of preventing claims of procedural defect from becoming a talisman to ward off the limits placed on successive habeas petitions. Although Bernard and Vialva characterize their Rule 60(b) motions as attacking "defect[s] in the integrity of their proceedings" they cast no doubt on those proceedings' integrity. Instead, they cite unrelated misconduct by Judge Smith and then seek to link this to their substantive "attacks [on] the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532, 125 S. Ct. at 2648. Under these circumstances, jurists of reason could not debate that the district court was correct to construe the petitioners' filings as successive motions under Section 2255.

---

[5] As noted earlier, Bernard also points to an *amicus* brief, but this offers no evidence of procedural error beyond arguing that this court should have found Bernard's claims debatable and granted his COA.

11

No. 18-70007
cons. w/
No. 18-70008

## CONCLUSION

For the foregoing reasons, Bernard's and Vialva's applications for certificates of appealability are **DENIED**.

**Certified as a true copy and issued as the mandate on Sep 14, 2018**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

12

# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

September 14, 2018

Ms. Jeannette Clack
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

    No. 18-70007    USA v. Christopher Vialva
                        USDC No. 6:04-CV-163

Dear Ms. Clack,

Enclosed is a certified copy of an opinion-order entered on September 14, 2018. We have closed the case in this court.

We are not forwarding the record on appeal as it is an electronic copy.

                                       Sincerely,

                                       LYLE W. CAYCE, Clerk

                                       By: _____
                                       Erica A. Benoit, Deputy Clerk

Enclosure(s)

cc:  Mr. John Robert Carpenter
     Mr. Joseph H. Gay Jr.
     Mr. Michael Robert Hardy
     Mr. Michael W. Lieberman
     Ms. Susan M. Otto
     Mr. Robert Charles Owen
     Mr. Jared Tyler