UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CRIMINAL NO. W-99-CR-070(1)-ADA** |
| v. | § | |
| | § | * **CAPITAL CASE** * |
| **CHRISTOPHER ANDRE VIALVA** | § | |

### ORDER

In June 2000, Defendant Christopher Vialva was convicted under federal law of capital murder and sentenced to death. The district court's Judgment dated June 16, 2000 (ECF No. 289) authorized the Department of Justice (DOJ)—including the Attorney General, the Federal Bureau of Prisons and the United States Marshals Service—to determine the time, place, and manner of Vialva's execution and to carry out that execution. As explained in the other Order filed today, this Court does not believe another order is required to empower DOJ with this authority, nor does the Court believe that a stay is presently in effect as a result of the original Judgment. Nevertheless, out of an abundance of caution, the Court issues this Order to lift any theoretical stay and confirm DOJ's authority to select Vialva's execution date and implement his sentence of death.

Accordingly, to the extent there is presently a stay of execution in place, this Court hereby **ORDERS** that the stay and abeyance is **LIFTED**.

Furthermore, in accordance with 28 C.F.R. § 26.2, the Court **ORDERS**:

(1)     The sentence of death, set forth in the Court's June 2000 Judgment (ECF No. 289), shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

1

(2)     The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death;

(3)     The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons, namely, **September 24, 2020**, at the Federal Correctional Complex, Terre Haute, Indiana, or such other time and place as he may later designate; and

(4)     The prisoner under sentence of death shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence.

Finally, nothing in this Order shall be deemed to prevent a court of competent jurisdiction from issuing a stay or injunction of the execution if that court deems such a stay to be necessary and appropriate.  Nor does this Order prevent the President of the United States from granting clemency to the defendant.

It is so **ORDERED**.

SIGNED this 11th day of September, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE