# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2020

Lyle W. Cayce
Clerk

No. 20-70019

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Andre Vialva,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-163, 6:99-CR-70-1

Before Higginbotham, Jones, and Dennis, *Circuit Judges*.

Per Curiam:

Defendant Christopher Vialva asks this court to stay his execution pending consideration and disposition of appeal, and to vacate the district court's September 11, 2020 order confirming his September 24, 2020 execution date.[1] For the reasons set forth below, we affirm the district court order and deny Vialva's motion to stay in its entirety.

---

[1] Vialva claims his execution was "set for the first time by the district court [on] September 11, 2020." In fact, the court explicitly disclaims this characterization in its order, explaining that the order was being issued "out of an abundance of caution" in order

No. 20-70019

# I. Background

Vialva was convicted under federal law of capital murder, sentenced to death, and scheduled for execution on September 24, 2020. In its order denying injunctive relief, the district court described Vialva's conviction and procedural history at length. Suffice it to say, Vialva has had the benefit of lengthy procedural review since his conviction in 2000. Vialva's conviction was affirmed on direct appeal;[2] his 28 U.S.C. § 2255 challenge was denied;[3] and his effort to vacate denial of his § 2255 motion under Rule 60(b) of the Federal Rules of Civil Procedure failed.[4]

The Federal Bureau of Prisons ("BOP") scheduled Vialva's execution for September 24, 2020 and informed Vialva on July 31, 2020. Vialva subsequently filed a motion in the district court to enjoin his execution on various grounds. On September 11, 2020, the district court denied Vialva's motion for injunctive relief. At the same time, the district court issued another order clarifying that its judgment dated June 16, 2000 had authorized the Department of Justice to determine the time, place, and manner of Vialva's execution and to carry out that execution. Out of an

---

to "confirm [the Department of Justice's] authority to select Vialva's execution date and implement his sentence of death." The district court considered its June 16, 2000 order enough to authorize the Department of Justice to determine the time, place, and manner of Vialva's execution.

[2] *United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002), *cert. denied*, 539 U.S. 928 (2003).

[3] The district court denied Vialva's challenge under 28 U.S.C. § 2255 and his request for a certificate of appealability ("COA"). This court subsequently denied a COA, and the Supreme Court denied Vialva's petition for certiorari. *United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 1155 (2016).

[4] The district court dismissed the Rule 60(b) motion without prejudice, this court denied a COA on the issue, and the Supreme Court denied certiorari. *United States v. Vialva*, 904 F.3d 356 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 860 (2020).

No. 20-70019

abundance of caution, the order lifted any hypothetical stay that may have been in place, ordered a United States marshal to carry out the execution, and determined that the sentence shall occur on a date designated by the Director of the BOP, namely, September 24, 2020. Vialva appeals those orders here.

## II. Discussion

We review a district court's decision to deny a stay of execution for abuse of discretion. *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (citation omitted). When determining whether the district court abused its discretion, we review questions of law *de novo* and factual findings for clear error. *State v. Ysleta Del Sur Pueblo*, 955 F.3d 408, 413 (5th Cir. 2020). In deciding whether to issue a stay of execution, a court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 379 (quoting *Nken v. Holder*. 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009)). Vialva fails to show that any of these factors favor granting a stay of execution.

First, we conclude that Vialva is unlikely to succeed on the merits. Vialva's primary argument on appeal is that Texas state law should have been followed with respect to the issuance of an execution warrant and the setting of execution dates. *See* Tex. Code Crim. Proc. art. 43.15(a), 43.141. Despite vigorously contesting the scope of the district court's June 2000 judgment, both parties recognize the authority of the district court to authorize and schedule Vialva's execution. Additionally, Vialva recognizes that, at the very least, the district court did authorize his execution scheduled for September 24, 2020 in its September 2020 order now under appeal. Vialva

3

emphasizes that the government did not follow its own procedures requiring it to file a proposed judgment and order with the sentencing court. But now that the district court has unambiguously directed a United States marshal to carry out the execution and adopted the September 24, 2020 execution date, these objections are beside the point.[5]

Vialva also argues that Texas law prohibits a court from setting an execution date earlier than the 91st day after the date the order setting the execution was ordered. The district court certainly did not comply with this requirement. Whether one counts from the date that the BOP scheduled execution or from the district court's September order, no one contests that the scheduled execution date fails to meet the 91-day requirement. Thus, the dispositive question is whether Texas state law applies to such pre-execution procedures. We conclude that it does not apply to either date-setting or warrant requirements.

Vialva asserts that Texas state law regarding date-setting and warrant requirements applies to his execution based on 18 U.S.C. § 3596(a) of the Federal Death Penalty Act ("FDPA"). Specifically, he argues that the FDPA requires application of these Texas laws when it states that a United States marshal "shall supervise implementation of the sentence in the

---

[5] Vialva also argues that DOJ regulations do not vest BOP with broad authority and discretion to set execution dates because (1) Congress has not delegated this power to the Attorney General and (2) the regulations "are premised on and fully honor the judiciary's prerogative to fix the execution date and command it to occur." In Vialva's case, no doubt exists at this stage as to whether the district court exercised its prerogative. Vialva does not clearly state whether or how the September 2020 order failed to comply with the Texas warrant requirements. As the government observes, strict compliance with Texas warrant requirements may be impossible in this case. In any case, we find that Texas law does not apply to either date-setting or warrant requirements.

No. 20-70019

manner prescribed by the law of the State in which the sentence is imposed."[6]  18 U.S.C. § 3596(a).

We disagree.  Instead, we conclude that § 3596(a) is at least limited to procedures effectuating death and excludes pre-execution process requirements such as date-setting and issuing warrants.  The text of the provision explicitly refers to the "implementation of the sentence" prior to referencing state law.  18 U.S.C. § 3596(a).  The text simply does not extend to pre-execution date-setting and warrants.  Our conclusion is consistent with other circuits that have recently looked at this provision.  *See United States v. Mitchell*, No. 20-99009, 2020 WL 4815961, at *2 (9th Cir. 2020) ("In addition, we hold that procedures that do not effectuate death fall outside the scope of 18 U.S.C. § 3596(a)."); *Peterson v. Barr*, 965 F.3d 549, 554 (7th Cir. 2020) (concluding that § 3596(a) "cannot be reasonably read to incorporate every aspect of the forum state's law regarding execution procedure" and finding that state law governing execution witnesses falls outside the scope of the FDPA).  Vialva's citation to *In re Fed. Bureau of Prisons' Execution Protocol Cases* is unavailing.  955 F.3d 106 (D.C. Cir. 2020).  The debate among the judges in that case related to procedures effectuating death and not pre-execution procedures such as those at issue here.  *See Peterson*, 965 F.3d at 554 (making the same distinction and finding that "the debate among the

---

[6] The entire provision is as follows:  "A person who has been sentenced to death pursuant to this chapter shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence.  When the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed.  If the law of the State does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law."  18 U.S.C. § 3596(a).

D.C. Circuit judges was limited to state laws, regulations, and protocols governing *procedures for effectuating death*" (emphasis in original)). Vialva recognizes this limitation, emphasizing that cases interpreting whether § 3596(a) applies to technical and other in-chamber execution procedures "provide little guidance in answering whether § 3596(a) requires application of state law warrant and date-setting provisions." The FDPA simply does not reach warrant and date-setting provisions.

Having found that the FDPA does not require the application of state law to pre-execution procedures, we find it unpersuasive that historical practice requires the application of state law. Vialva's reliance on correspondence from 1818 notwithstanding, he has not sufficiently demonstrated that judicial practice requires courts to follow state law with respect warrant and date-setting requirements. Vialva concedes that "federal practice may have evolved to leave to the courts the duty to fix the date and issue an execution warrant," but simply asserts that this did not obviate the requirement to conform to state law. In any case, we do not recognize the existence of any such "judicially created law."

We also agree with the district court's conclusion that Vialva has not shown the remaining factors favor a stay of execution. Vialva has thoroughly litigated his conviction and sentence. He was given official notice well in advance of his execution date. Vialva is not challenging his death sentence, but only the pre-execution procedures for carrying it out. Although the death penalty itself is irreversible, there comes a time when the legal issues "have been sufficiently litigated and re-litigated so that the law must be allowed to run its course." *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982) (per curiam) (quotation omitted). Vialva has sufficiently litigated his case. Furthermore, the public's interest in timely enforcement of the death sentence outweighs Vialva's request for more time. *Calderon v. Thompson*, 523 U.S. 538, 556, 118 S. Ct. 1489, 1501 (1998) (stating that delay "inflict[s]

No. 20-70019

a profound injury to the 'powerful and legitimate interest in punishing the guilty,' an interest shared by the State and the victims of crime alike" (quoting *Herrera v. Collins*, 506 U.S. 390, 421, 113 S. Ct. 853, 871 (1993) (O'Connor, J., concurring)).

A preliminary injunction is an extraordinary remedy never awarded as a matter of right. *Winter v. National Resource Defense Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 376 (2008) (citation omitted). This extraordinary remedy is not justified here. We AFFIRM the district court order and DENY Vialva's motion to stay execution pending consideration and disposition of appeal.

**Certified as a true copy and issued
as the mandate on Sep 18, 2020**

**Attest:**     *Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

7

## *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

September 18, 2020

Ms. Jeannette Clack
Western District of Texas, Waco
United States District Court
800 Franklin Avenue
Waco, TX 76701

     No. 20-70019   USA v. Christopher Vialva
                USDC No. 6:04-CV-163

Dear Ms. Clack,

Enclosed is a certified copy of the opinion issued as the mandate.

                Sincerely,

                LYLE W. CAYCE, Clerk

                By: _____
                Monica R. Washington, Deputy Clerk
                504-310-7705

Enclosure(s)

cc:  Ms. Elizabeth Berenguer
     Mr. Joseph H. Gay Jr.
     Mr. Michael W. Lieberman
     Ms. Susan M. Otto
     Mr. Robert Alton Parker
     Mr. Jared Tyler